## JACKSON, ex dem. Hopkins, *vs.* LEEK.

A *deed* of land takes effect only from its delivery; although signed, sealed and acknowledged, if it be not actually delivered by the grantor during his life, nothing passes by it.

Under a special consent rule, to admit lease, entry and ouster, in case an *actual ouster* be proved, but not otherwise, such ouster must be shown, or the plaintiff will fail.

A party in possession of lands, acknowledging the title of another, is not *estopped* from subsequently disclaiming holding under such title, if the original entry was not under the person in whom the title is acknowledged ; nor is any other person, deriving the possession from such tenant, estopped by such acknowledgment.

A party in possession of lands is a competent witness for a plaintiff in an action involving the title to such lands, although he admits that he should prefer that the plaintiff might succeed, hoping to purchase from him on better terms than from the defendant ; the objection is to his credibility—not to his competency.

Where a witness, called to prove a fact, disproves it, the party calling him is not estopped from proving by other witnesses that the facts are as he alleged them to exist, and expected to show by the first witness.

The *parol admission* of a plaintiff in ejectment, that the defendant is the owner of a *moiety* of the premises claimed, is competent evidence, where the plaintiff has succeeded in showing title to only *one half* of the premises.

Depositions *in perpetuam testimonium*, taken by a commissioner *out of the county* for which he is appointed, cannot be used as evidence on the trial of a cause. *It seems*, however, that such depositions may be taken *out of the county in which the witnesses reside*, if they voluntarily submit to an examination.

THIS was an action of *ejectment*, tried at the Wayne circuit in October, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff claimed to recover lot No. 86. Galen, alleged to have been granted to Christian House, a soldier in the revolutionary war. The defendant entered into a *special consent rule* to confess lease, entry and ouster, in case an *actual ouster* should be proved, but not otherwise. The plaintiff produced a deed from House to *W. Scudder* and *D. Whitehead,* bearing date 5th July, 1794, conveying lot No. 86. He also offered in evidence a deed from Whitehead to Scudder, bearing date 17th July, 1794, conveying an undivided half of the lot ;

which was objected to as not duly acknowledged, and reject-
ed by the judge.   He next produced in evidence, 1. A deed
from Scudder to one Olcott, bearing date in August, 1794, con-
veying the whole lot; in this deed the previous conveyances
are recited; 2. A deed from Olcott to Seth Johnson, bearing
date in December, 1794; 3. A deed from Johnson to Ralph
Thurman, bearing date in December, 1798; and 4. A deed
from Thurman to the lessor of the plaintiff and the wife of the
lessor, bearing date 28th June, 1818; and proved that the de-
fendant was in possession of 14 or 15 acres of land, part of lot
No. 86, and had been so in possession for two or three years
previous to February, 1829, when this suit was commenced.
It was also proved that the lessor had entered upon such pos-
session and put in a crop of oats, and that the defendant had
thrown down the fence enclosing the land thus occupied, and
destroyed the crop.   The plaintiff called one *Joseph Woolley* to
prove that he had occupied the premises now in possession of
the defendant as the *tenant* of the lessor of the plaintiff, and
had transmitted such possession to the defendant.   Woolley,
when sworn, denied his tenancy, but acknowledged he had
yielded his possession, which he had held for twenty years, to
the defendant, on receiving from him $180.   The plaintiff
then offered to prove acknowledgments of tenancy by Wool-
ley, which evidence was objected to as tending to impeach
his own witness; but the objection was overruled and it was
proved that within three or four years previous to the trial,
Woolley had acknowledged the title of Hopkins, and had
agreed to pay rent to him.   One of the witnesses to these ac-
knowledgments was *Aaron Hopkins*, a son in-law of the lessor,
who was objected to as an incompetent witness; he was in
possession of part of the lot, and said that if he was interested
at all, it was in having Hopkins recover, because he could
purchase on better terms of him than of Leek; the judge
overruled the objection.   It was also proved that *sixteen years*
before the trial, Woolley asked permission of Hopkins, who
was then the agent of Thurman, to reside on the lot.   From
the testimony on the part of the plaintiff, it appeared that the
deed from Thurman to Hopkins, although it bore date in

1798 and was duly signed and acknowledged, *was not deliver-* ed to Hopkins until 1828, which was 8 or 9 years after the decease of the grantor, and that in 1818 or 1819 Thurman told Hopkins that he had made out a deed, but that it had better not be delivered, as there was a dispute about the land.

The defendant produced a deed from *Whitehead* to J. Van Riper, jun., bearing date 11th July, 1818, conveying an undivided half of lot No. 86, and a conveyance from Van Riper to the defendant of the same premises, bearing date 5th May, 1820, and proved that in 1827 he executed a lease to *Woolley* of fifty acres of the lot, for the term of five years, at an annual rent of one dollar. The defendant offered to prove that *Hopkins* had acknowledged that he was the owner of *one half* of the lot, and that he meant to plague him as long as he could ; which evidence was objected to and rejected. The plaintiff offered in evidence the depositions of H. & J. Woolley, taken under the statute to perpetuate testimony ; the admission of which was objected to on the ground that the depositions were taken *in the county of Wayne,* where the witnesses resided, before the first judge of the county of Se... mmissioner, &c. ; and the objection was sustained. ...y, under the charge of the judge, found a verdict for ...aintiff, which was now moved to be set aside.

*I. L. Wendell,* for the defendant.

*M. T. Reynolds,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. It must be conceded that the plaintiff failed in showing a paper title. He produced no patent from the state, but began with a deed from *House,* alleged to have been the soldier who merited the lot. If that be admitted as a good source of title, he then shows the title to one half in Thurman ; but there the title stops. The deed from Thurman to the lessor was never delivered ; for a delivery after his death was no delivery, and the plaintiff, by admitting title to half the lot in *Whitehead,* enabled the defendant to show that title in himself.

NEW-YORK,
May, 1834.

Jackson
v.
Leek.

Under the special consent rule, the plaintiff was bound to show an *ouster* by the defendant. This may be done by proof that the defendant held adversely, or denied the title of his co-tenant, or claimed the whole himself, or denied possession to others. Nothing of this kind was proved; but the reverse.

The verdict is against the charge of the judge and the evidence of the case. The judge stated that the plaintiff could not recover under his deed, unless it was delivered before Thurman's death. There was no pretence of such delivery. He also stated that the plaintiff might recover upon the tenancy of the defendant, if clearly proved, provided the defendant had actually ousted the lessor. The proof of tenancy was while the lessor was agent for Thurman, and no ouster has been pretended. Even if a tenancy had been shown, it would not estop the tenant from disclaiming subsequently, (the supposed tenant, Woolley, not having entered under the Thurman title,) according to *Jackson* v. *Spear*, 7 Wendell, 401. Nor is this a case where the defendant should be estopped by *purchasing* from Woolley. The defendant, having title to half the lot, wished to obtain possession, and preferred purchasing the improvement ▼lley, who pretended to no title, rather than to bring a ▼against him.

There were so▼e minor points which deserve notice. Aaron Hopkins had no interest; he was in possession of part of the lot, and expected to purchase from the prevailing party, and supposed he could purchase on better terms from the plaintiff than the defendant. This might show a bias which should go to his credibility, but is not that certain interest in the event which excludes a witness.

The plaintiff, by disproving the facts sworn to by his own witness, Woolley, did not violate the rule which prevents a party from discrediting his own witness. He did not attack the character of Woolley, but proved the facts to be different from those stated by Woolley. This he was at liberty to do. If the plaintiff calls the subscribing witness to an instrument, who disproves it, the plaintiff may prove it by other witnesses.

As the plaintiff had only proved *half the title* in Thurman, under whom he claimed, no rule is violated by proving his pa-

rol admission that the other half is in the defendant. This is

no parol disclaimer, nor does the admission tend to divest an estate shown to have been vested.

As to the depositions of H. and J. Woolley, the statutes for perpetuating testimony declare, 1. That it shall be taken before any officer authorized to perform the duties of a justice of the supreme court at chambers, the first judge of any county, or a master in chancery. It shall be taken within the county where the witness resides, 2 R. S. 298, 9. Every judge of a county court, being a commissioner in the supreme court, is a supreme court commissioner, and may perform the duties of a justice of the supreme court at chambers. 2 R. S. 281, § 32. Supreme court commissioners are local officers, and are confined, in the execution of the duties, to the district or county for which they are appointed. 1 R. S. 101, § 9, 10, 11. Judge Stevens was a supreme court commissioner for Seneca county, but not for Wayne. Whether he could not have taken the testimony in his own county, if the witnesses had voluntarily appeared before him, is a question not now before us ; but I see no reason why he could not. The witness shall not be compelled to go out of the county where he resides, but if found in another county, the officer of such county has jurisdiction to administer an oath. The depositions were properly excluded.

New trial granted ; costs to abide the event.