Reese, J.
delivered the opinion of the court.
Thomas Person was the' owner of the land in question in the year 1819, and in that year, Joseph Washington, by deed of conveyance, became entitled, as tenant in common, to an undivided interest in the tract to the amount of 60 acres and upwards, and took possession for himself and Person. He thus continued in possession till 1829, 1830, when the land was sold for taxes, and bought át the sales by Washington and Conrad, and the sheriff made to them deeds; Washington, as before, continued in possession, but claimed the land for himself and Conrad, as tenants in common, thenceforward and until the year 1835. In that year, Person being about to sue him, he purchased from him the whole of the tract, except his sixty acres, for about the sum of $ 1,500.
In 1840, Conrad brought this action, Washington having from *563 1835 to 1840, claimed and occupied the land exclusively for himself. On the trial, the court charged the jury, that the lessor of the plaintiff, producing no judgment under which the tax sales were made, the tax sales were void, and communicated to them no title. That this was a question of tenancy, and a presumption of a grant would not arise, the defendant having shown no title, unless he had proven 20 years possession, and if they found from the proof, that Washington, after the tax purchases in 1829 and 1830, took possession of part of the land embraced in the tax sale deeds, claiming to hold under said tax sale title, and admitting the title of the lessor of the plaintiff as tenant in common to one-half of the land, that such entry and possession constituted him a tenant of Conrad, as to the undivided half of the said land, and that he could not af-terwards buy in the title of Thomas Person, and set it up in the action as a defence to the recovery of the lessor of the plaintiff, unless it appeared to them, that Washington had surrendered and put Conrad in the possession of the one-half of the said land. That when one tenant in common enters upon land, claiming ,to hold as tenant in common, admitting the title of his co-tenant, to his share of the land, the relation of landlord and tenant attaches, and the tenant in possession cannot purchase a better outstanding title, and set it up against the title of his co-tenant, until he surrenders possession of one-half of the lands to his co-tenant. Also, if they found, that Washington entered in possession of a part of the 640 acre tract in the declaration set out, claiming to hold under said deed, as the tenant in common of the said Thomas Person, and admitting his title to the balance of said tract, then he would be the tenant of the said Person, and he could not afterwards become the tenant of Conrad to said land, unless it appears in proof, that he had surrendered possession to Person of his part or interest in said land.
A verdict was found for the lessor of the plaintiff, which the court, on a motion made for that purpose, refused to set aside, and this appeal in error has been prosecuted. As the tax sales and deeds thereon, are admitted to be void, and as Conrad, therefore, has no sort of a title whatever, to any portion of the land in dispute, one question which] presents itself, is, whether Conrad without title, but- upon the mere ground of relation and estopel, can recover in an action of ejectment against Washington, because he once supposed and admitted, that those void tax sale proceedings *564 had constituted between them the relation of tenancy in common in the disputed premises ? In other words, if A. being already in possession of land, admit that B. is his tenant in common, and af-terwards claiming exclusively for himself, is sued by B. in an action of ejectment, can B. recover against him without showing any title whatever, and by the mere force of such parol admission ? If one, indeed, receive possession from another, and hold under him, he cannot question his title, and is compelled on grounds of public policy, and in maintainance of sound morals and good faith, to surrender the possession to him from whom he received it, and may be evicted in an action of ejectment, without the production against him of any other title, than proof of the tenancy, and although the better title is outstanding in another.' This is the relation of landlord and tenant.
But tenancy in common differs widely. The tenant in common, enters for himself upon the possession, enters as owner, owes allegiance to no one, subordinates his title to no other. His co-tenant, not in .actual possession, may claim by another deed, may claim by deed of bargain and sale, by devise, or by descent. It may be very uncertain in point of fact, in point of right, who he is. If then the tenant in possession, supposing a particular individual to be his co-tenant, so admits the fact, is he to be estopped, and concluded thereby, as if such individual were his landlord, and he had received possession from him ? And can such individual recover upon such mere admission, without showing title, or even although, it may be shown that another is the real tenant- in common ? or, that the defendant is exclusively the owner of the whole of the estate ? We think this should not be so. For many purposes, indeed, the possession of a tenant in common enures to the benefit of the whole estate, and of other tenants in common, but if the tenant in possession claim the estate for himself, and by ouster of the other tenants in common put them to their action, we think they must recover by producing their title and showing their right.
But if the relation between Washington and Conrad were identical in legal effect with that between landlord and tenant, as supposed by 'the circuit court, still as Washington, at the time of the existence of the supposed relation, was under the estopel of a similar prior relation with Person, that prior relation would continue, notwithstanding the attempt to form a second one, with another. This, indeed, was charged by the circuit court.
*565 In the third place, Washington did not receive the possession of the land from Conrad, but was in possession already, under and by virtue of another title, and if, indeed, an attornment under such circumstances to Conrad had taken place by mistake of his title and right, Washington not having received possession from him, would probably not have been concluded from showing the mistake. See cases referred to at the bar. 28 Eng. Com. L. R. 142: 15 Eng. Com. L. R. 257-8: 11 do. 264: 8 do. 235: 12 Wend. 105.
Upon all these grounds, therefore, we are of opinion, that the judgment of the circuit court must be reversed, and a new trial granted in the case.