# NEW YORK SUPERIOR COURT.

## JESSE FONDA agt. PAUL J. ARMOUR.

### *Application to perpetuate testimony.*

The power to summon a witness for examination for the purpose of perpetuating his testimony, is given to a judge of this court, but not to the court itself.

In proceedings for such purpose, therefore, the judges of this court act as *quasi* supreme court commissioners.

The power to act does not depend upon the fact that the action is in this court. It may be exercised in actions pending in other courts.

A judge of this court is confined in the exercise of his judicial functions to the city of New York, and he can perform no judicial act whatever elsewhere.

It has been held not to be irregular to take the testimony in the county of a supreme court commissioner, although the witness resided out of such county.

*Chambers, January,* 1875.

THIS was an application to a judge of this court, under sections 33 and 34 of 2 Revised Statutes, 398, to perpetuate the testimony of a witness.

The action is pending in this court.

The thirty-fourth section provides thât, " upon producing to any justice of the supreme court, or to any officer authorized to perform the duties of such justice, at chambers, * * * &c., due proof by affidavit, &c., such officer shall appoint a place within the county, where such witness resides, * * * for his examination."

Upon the proper affidavit the judge issued a summons to the witness, requiring him to appear in the chambers of this court, in this city, and be examined.

On the return of the summons it was shown that the witness resides in the city of Brooklyn, and a motion was thereupon made to set the summons aside.

*Mr. Hutchins,* for motion.

*C. B. Smith,* opposed.

MONELL, *C. J.*—The power to summon a witness for examination for the purpose of perpetuating his testimony is given to a judge of this court, but not to the court itself.

Under section 23 of the act organizing this court (*Laws* 1828) the justices of this court are authorized to perform all the duties which the justices of the supreme court out of term are authorized to do and perform by any statute of this state.

. In proceedings, therefore, to perpetuate testimony, we act as *quasi* supreme court commissioners; and our power to act does not depend upon the pendency of the action in this court, but we may proceed, although the action is pending in any other court.

But a judge of this court is confined in the exercise of his judicial functions to the city of New York, and he can perform no judicial act whatever elsewhere.

Therefore, although, acting as a supreme court judge, he may summon a witness for examination, he cannot go out of the city of New York to take the examination (*Jackson* agt. *Leek,* 12 *Wend.,* 105).

The statute requires that the place for the examination of the witness shall be within the county where such witness resides. Hence no order can be made for his examination elsewhere, either by a justice of the supreme court, or by any other officer acting as such a justice. (*Sheldon* agt. *Wood,* 2 *Bosw.,* 267). Although in *Jackson* agt. *Leek* (*supra*), it was held not to be irregular to take the examination in the county of a supreme court commissioner, notwithstanding the witness resided out of such county.

Fonda agt. Armour.

Had the witness, therefore, in this case appeared at the place appointed in this city, and submitted to an examination, it would have been regular.

But as he has not appeared for such a purpose, and only appeared by his counsel to object, he cannot be required to obey the summons.

To obtain his examination, the party must procure a summons returnable in the city of Brooklyn.

The proceeding must be discharged.