## NORA J. PORTER *vs.* EDWARD G. WOODHOUSE.
## JULIA H. ROBERTSON *vs.* THE SAME.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A conditional delivery of a deed can be made only by placing it in the hands of a third person, to be kept until the happening of the event upon which it is to be delivered over by such third person to the grantee.

But it is essential to such delivery that there be a parting with the possession of the deed and with all power and control over it by the grantor, for the benefit of the grantee, at the time of delivery.

An aged woman for some time before her death had owned two houses, in one of which she lived. Several years before her death she made warrantee deeds of one of the houses to *P.* and of the other to *R.* The deeds were fully executed and each was filed on the back with the name of the grantee. They were placed in a box in which she kept her will, her bank books, her insurance policies, and other important papers, and in which she had also a bag containing one thousand dollars in gold. The box was concealed in a closet in her bedroom. During the last year of her life she told an attendant that she had deeded away the two houses, but did not state to whom. Being injured by a fall and apprehensive of death, she told her attendant where the box was and requested her to bring it out, which was done. She then said—"I put that box into your possession; my private papers are in it and a bag of gold; my will is there and the deeds of the two houses. I told you that I had deeded away these houses; on the deeds are the names of the persons who are to have them." She then told the attendant to take charge of the box and put it back into the closet, and told her where the key to it was, and closed by saying—"I have said enough so that you will know what to do with the box in case I should die. If I live I will talk further about the contents of the box; but don't you open it until.after my funeral." She died about a month later. Held that there had been no such delivery of the deeds as to pass the title of the property to the grantees.

[Argued October 14th—decided December 15th, 1890.]

TWO ACTIONS to compel the defendant to deliver to the plaintiff in each case a deed of certain real estate, left for delivery after her death by Julia A. Hinman, the grantor; brought to the Superior Court in Hartford County, and tried before *Thayer J.* Facts found and judgment rendered for the defendant in both cases. The plaintiffs appealed.

The case is fully stated in the opinion. The two cases involved the same facts and were tried together in the court below and a single finding made, and they were argued together in this court.

*C. E. Perkins*, with whom was *H. Cornwall*, for the appellants.

There is no specific form of words required in cases like this to vest the title. The rule of law is, that it must appear from the acts and words of the grantor that she intended that the grantees should have the deeds after the death of the grantor. It is not even necessary that the deeds should be actually delivered to the grantees or to any one for them; it is enough if they are so placed that they, or some other person for them, can get the deeds after the death of the grantor. Less evidence is required in cases of gift, and where no rights of creditors or others are affected. In *Robinson* v. *Taylor*, 42 Fed. Rep., 810, the court says: "The rule of law is that deeds of gift and settlement between the parties, and in no way affecting the rights of others, will be held as executed and delivered on less evidence than such conveyances for value, and which may affect the rights of creditors and of others than the parties." In *Woodward* v. *Camp*, 22 Conn., 457, a husband and wife executed a deed of the wife's land, and the husband took the deed and promised to give it to the grantee after the wife's death, so that the deed remained in the possession of one of the grantors, but the court held this to be a delivery, and said:—"She had parted with the possession of the deed with an intention to have the property vest in the grantee at her decease." There was not only no delivery to the grantee, but the deed never passed out of the hands of one of the grantors; it never went even into the hands of a third person. What apparently controlled the mind of the court was, that the grantor intended that the property should vest in the grantee after her death. So in *Ward's Appeal from Probate*, 35 Conn., 163, the grantor made a deed to her sister, and put it into a trunk that was used in common

by her sister and herself. It did not appear that the sister or any one else ever actually had the deed in their possession, but the court said that as the case found that the grantor intended that her sister should have the property, and that she had done enough to vest the title in the sister, the inference was that she placed it in the trunk for the use and benefit of her sister, and that made it a good delivery. See also *Merrills* v. *Swift*, 18 Conn., 257. In *Fisher* v. *Hall*, 41 N. York, 421, the court says :—" It is necessary that the deed should be placed within the power of some other person for the grantee's use, or that the grantor shall unequivocally indicate it to be his intention that the instrument shall take effect as a conveyance of the property, in order to have it produce this result." In *Burkholder* v. *Casad*, 47 Ind., 422, the court says :—" We think there must be some act or declaration on the part of the grantor from which it may be inferred that he intended to part with the title to the property. * * * Anything done by the grantor, from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient." In *Stevens* v. *Hatch*, 6 Minn., 76, the court says :—" The main thing which the law looks at is whether the grantor indicates his will that the instrument should pass into the possession of the grantee, and if that will is manifest then the conveyance inures as a valid grant, although, as above stated, the deed never comes into the hands of the grantee." In *Hinson* v. *Bailey*, 35 Northwest Rep., 626, (Iowa), the grantor told the justice before whom it was acknowledged, to keep the deed till she died, and then record it. It was held a good delivery. In *Hill* v. *Hill*, 10 N. East. Rep., 667, (Illinois), the grantor asked the justice to keep the deeds in question till he died, and then deliver them to his sons, the grantees; but the justice refused to do so. He then said he would " put the deeds where the boys would get them." Before his death he was staying at the house of one of the grantees, and after his death the deeds were found in a trunk belonging to one of the grantees at this house. It was held that this sufficiently showed the intention of the grantor to be

that the deeds should become effectual after his death, and this was all that was necessary. In the cases of *Jones* v. *Loveless*, 99 Ind., 317, and *Owen* v. *Williams*, 15 N. East. Rep., 678, deeds were placed in the vaults of other persons for safe keeping, but from the statements of the grantors it was held in the latter case that the title passed, and in the first that although, as the estate was insolvent, the title did not pass as against creditors because the deed was voluntary, yet as against the heirs it would have passed. In *Standiford* v. *Standiford*, 97 Misso., 231, the grantor, after executing a deed, gave it to the justice and said, " You take that deed and keep it safely." It was held that as these and other expressions of the grantor showed that he intended to have his son have his property, there was a sufficient delivery. In *Doe* v. *Knight*, 5 Barn. & Cress., 671, the grantor executed a deed to one Garnons and left it on the table. About that time he gave his niece a paper parcel and said, " Here, Bess, keep this, it belongs to Mr. Garnons." It did not appear whether the deed was then in it, but a few days after he asked her for the parcel; she gave it to him, and a few days after he gave it back to her, only saying, " Here, put this by." After his death the deed was found in the parcel. The court held that this was a good delivery, because it appeared from what the grantor said that he meant to have it a valid and subsisting deed. It appears from these, and innumerable other decisions which might be cited, that the rules of law applicable to such cases are these :— (1) The mere fact that a grantor has signed and acknowledged a deed, if he keeps it himself, is not enough to pass the title. (2) But if, besides this, he does acts or uses words which show that he intends to have the deeds become operative, so that the grantee shall have the property conveyed, either before or after his death, courts will carry out this intention and hold that there was a sufficient delivery. The cases in this state, and the later cases elsewhere, show a strong tendency to escape from any arbitrary rule requiring any particular acts or words to constitute a delivery, or even an actual parting with the manual possession to the

grantee, which is really only a lingering remnant of the old feudal custom which required actual seisin of a twig or piece of turf, and to assimilate deeds to other instruments, such as notes, etc., where the question was whether on the whole the acts and words of the maker showed that he intended that the paper should become operative.

*A. F. Eggleston*, for the appellee, cited—Coke Lit., 35 b, 36 a, 171 b; 3 Washb. R. Prop., 5th ed., 299; *Belden* v. *Carter*, 4 Day, 79; *Alsop* v. *Swathel*, 7 Conn., 500; *Merrills* v. *Swift*, 18 id., 261; *Woodward* v. *Camp*, 22 id., 459; *Shurtleff* v. *Francis*, 118 Mass., 154; *Elsey* v. *Metcalf*, 1 Denio, 323; *Young* v. *Young*, 80 N. York, 422.

ANDREWS, C. J. These are two cases tried together and depending on the same facts. The defendant is the executor of the will of Mrs. Julia Hinman, late of Hartford, deceased. The complaint prays that two deeds now in the possession of the defendant be delivered, one to the said Nora J. Porter, and the other to the said Julia Robertson. The only question in the case is, whether on the facts found these deeds were so delivered as to pass the title. The facts are as follows :—

Mrs. Julia Hinman in her lifetime, and until her death, owned two houses in Hartford, in one of which she lived. She died on the 10th day of June, 1888, aged eighty-two years. Several years before her death she made a deed of one of these houses to Mrs. Porter, and at another time a deed of the other house to Mrs. Robertson. They were warrantee deeds in form and were expressed to be for a valuable consideration. They were signed, sealed, witnessed and acknowledged. All the requisites of a formal execution were complete and each was filed on the back with the name of the grantee. Nothing was paid for them; they were in fact deeds of gift. The grantees never knew until after the death of Mrs. Hinman that they had been made. These deeds were placed by Mrs. Hinman in a box in which she kept her will, her bank books, her policies of insurance, and

other papers of like kind, and in which she had also a bag containing one thousand dollars in gold. The box was concealed in a closet in her bedroom. During the last year of her life a Mrs. Harriet Elliot lived with her and was her only companion and attendant. Previous to the 10th day of April, 1888, Mrs. Hinman had told Mrs. Elliot that she had deeded away the two houses, but had refused to tell her to whom. On that day Mrs. Hinman fell, and was so severely injured that she feared she was going to die. On the morning of the 11th she told Mrs. Elliot where the box was, and requested her to bring it out. Mrs. Elliot did so and placed it on the bed. Mrs. Hinman then said to Mrs. Elliot, "Take that box into your lap. I put it into your possession. My private papers are in that box and a bag of gold containing one thousand dollars. My will is in there and the deeds of these two houses. I told you before that I have deeded away these houses; on the deeds are the names of the persons who are going to have the houses." She then told Mrs. Elliot to take charge of the box and put it back into the closet, and told her where the key to the box was; and that if she did not live she wished her (Mrs. E.) to speak to E. G. Woodhouse, the defendant, and request him to read her will after the funeral. Then, after some further directions about the box, she closed the conversation by saying, "I have said enough, so that you will know what to do with the box in case I should die. If I live I will talk further about the contents of the box. But don't you open it until after my funeral." After this conversation Mrs. Elliot took charge of the box, but so far as appears never opened it until the day of Mrs. Hinman's funeral. In conversations subsequent to this one Mrs. Hinman spoke about the bag of gold in the box, and of the provisions of her will, but never spoke about the deeds. Mrs. Hinman died about midnight of June 10th, 1888. From the morning of the preceding day to the time of her death she was in a dying state and in a deep stupor, during which she observed nothing and said nothing, except that at about nine o'clock in the forenoon she suddenly exclaimed, "Call Robinson, call

Robinson, there are those two deeds, one is for Julia Robertson and one is for Nora Porter." No Robinson was there at the time and no one of that name had been in attendance upon her. Mrs. Elliot and a nurse, Mrs. Wright, were there, but Mrs. Hinman was not conscious of their presence or of what she was saying.

The delivery of a deed implies a parting with the possession and a surrender of authority over it by the grantor at the time, either absolutely or conditionally; absolutely, if the effect of the deed is to be immediate and the title to pass or the estate of the grantee to commence at once; but conditionally, if the operation of the deed is to be postponed or made dependent on the happening of some subsequent event. A conditional delivery is and can only be made by placing the deed in the hands of a third person to be kept by him until the happening of the event upon the happening of which the deed is to be delivered over by the third person to the grantee. But it is an essential characteristic and an indispensable feature of every delivery, whether absolute or conditional, that there must be a parting with the possession of the deed and with all power and control over it by the grantor for the benefit of the grantee *at the time of delivery*. *Prestman* v. *Baker*, 30 Wis., 644. The delivery of a deed is as essential to the passing of the title to the land described in it as is the signing of it or the acknowledgment. It is the final act without which all other formalities are ineffectual. To constitute a delivery the grantor must part with the legal possession of the deed and of all right to retain it. The present and future dominion over the deed must pass from the grantor. And all this must happen in the grantor's lifetime. *Younge* v. *Guilbeen*, 3 Wall., 636; *Cook* v. *Brown*, 34 N. Hamp., 476; *Fisher* v. *Hall*, 41 N. York, 421; *Jackson* v. *Leek*, 12 Wend., 105; *Fay* v. *Richardson*, 7 Pick., 91; *Alsop* v. *Swathel*, 7 Conn., 503; *Hoboken City Bank* v. *Phelps*, 34 id., 103; 2 Kent's Com., 439; Bouvier's Law Dict., *Delivery*.

Upon the facts above recited the Superior Court rendered judgment for the defendant and dismissed the complaint.

We think that judgment was clearly right, for the reason that Mrs. Hinman never intended to and never did part with the legal control over the deeds. The box in which the deeds were was in the charge of Mrs. Elliot as the servant and agent of Mrs. Hinman, and so remained till after Mrs. Hinman's death. The deeds were never taken out of the box till after her funeral. Mrs. Elliot never knew till that time the names of the grantees. She had never received any directions as to the deeds as such, apart from the other contents of the box. It is not and cannot be claimed that Mrs. Hinman parted with the possession of the box itself, or the control over the bag of gold, or of her bank books, or of her will, or of her insurance policies. Yet all these were in the box with the deeds, and she parted with the possession and control of these just as much as she did of the deeds. The deeds were never separated from the other contents of the box. The conversation on the morning of April 11th clearly shows that Mrs. Hinman did not intend at that time to part with the control of the contents of the box. She intended to give further directions in regard to them. Her closing words were—"If I live I will talk further with you about the contents of the box." That further talk she never had, and so her intent as to the deeds remained undisclosed. Mrs. Elliot was never made the custodian of the deeds for the benefit of the grantees. She at all times held them in the same way that she held the other things in the box, as the agent of Mrs. Hinman.

In reference to the conversation just mentioned the Superior Court has found that Mrs. Hinman's sole purpose in the transaction was to give Mrs. Elliot information of the existence and contents of the box. It is claimed by the defendant that by such finding the Superior Court has left nothing for the examination of this court, for the reason that it excludes all intent on the part of Mrs. Hinman to transfer the title to the grantees named in the deeds. This may be true, but we do not place our decision upon it. The delivery of a deed includes not only an act by which the grantor parts with the possession of it, but also a concurring

intent on the part of the grantor that it shall vest the title in the grantee. As we are satisfied that Mrs. Hinman never did any act by which she parted with the possession of the deeds for the benefit of the grantees, the question of her intent becomes immaterial.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.