## 9647

### METZ *ET AL.* v. METZ *ET AL.*

#### (91 S. E. 864.)

1. APPEAL AND ERROR—FINAL JUDGMENT—ORDER FOR NEW TRIAL.—The jury's first finding, that the land sought to be partitioned was not included in the deed under which plaintiffs claim, being conclusive against their right, the order denying, as regards such finding, their motion to set aside the findings, was a final judgment as regards appeal by them, though setting aside the second finding that the deed was not delivered, and granting a new trial as to such question.

2. EVIDENCE—OPINION—MATTER IN ISSUE.—As to the issue whether a certain tract was within the description of the deed, witnesses may not answer yes or no, but only describe the land and point it out on the plat.

3. PARTITION—EVIDENCE.—The will alleged in the complaint for partition and set up in the answer as the source of defendants' title is admissible in evidence.

4. ADVERSE POSSESSION — EVIDENCE. — Deeds executed by a father to his children of parts of the land subsequently claimed by them to have been included in his prior deed to them tend to show the character of his possession, continued for more than 30 years after the prior deed.

5. DEEDS — DELIVERY — EVIDENCE. — Deeds executed by a father to his children of parts of land claimed to have been included in a prior deed by him to them have a bearing on the question whether the prior deed was delivered.

6. APPEAL AND ERROR—REVIEW—OBJECTION BELOW.—Objection that conversations admitted in evidence were not made in the presence of the parties, not being made below, is not available on appeal.

7. APPEAL AND ERROR—REVIEW—FACTS.—The facts bearing on the legal issue of title claimed by defendants in partition and submitted to the jury cannot be reviewed on appeal.

8. DEEDS—CONSTRUCTION.—The construction of a deed is a question of law for the Court.

9. TRIAL—CHARGE ON FACTS.—The construction of a deed being a question of law for the Court, it is not a charge on the facts for it to hold it ambiguous.

10. BOUNDARIES—DESCRIPTION—ADJOINING LANDS.—The call of a deed for boundary on the south "by S. and others" is not filled by only one adjacent proprietor besides S.

Before SMITH, J., Columbia, June, 1916. Affirmed.

Action by James S. Metz and others against Daisy A. Metz and others. From an adverse judgment, plaintiffs appeal.

Plaintiffs claimed that a tract, afterwards shown by a plot to contain 869 1-2 acres, was included in the deed under which they claimed, executed by their father, Elijah C. Metz, in 1882, and describing the land conveyed as:

"All that piece, parcel, plantation or tract of land situate, lying and being in the county of Lexington * * * on waters of Hollingshead and Hill creeks, containing 550 acres, more or less, bounded by lands of Rachel C. Rauch on the east and Saul Shealy on the north, Paul Lowman on the west and south by Jesse M. Shealy and others."

Elijah C. Metz, who died in 1914, and left a will made in 1911, executed in 1903 deeds to plaintiffs of land included in the platted tract.

*Mr. Hunter A. Gibbes,* for appellants, submits: *Parol evidence admissible only to show fraud:* 68 S. C. 106; 2 Rich. Eq. 582; 40 S. C. 145; 41 S. C. 153; 42 S. C. 58; 42 S. C. 1; 3 Rich. 129. *Construction of deeds and boundaries:* 44 S. C. 503; 48 S. C. 341; 53 S. C. 90; 1 McC. 167; 67 S. C. 33, 34;

24 S. C. 492; 23 S. C. 235; 2 Rich. 543; 3 Rich. 5 and 129; 1 Rich. 497; 17 S. C. 538; 35 S. C. 314; 42 S. C. 342; 64 S. C. 177; 65 S. C. 251; 79 S. C. 438; 81 S. C. 307; 82 S. C. 441 and 454; 9 Cyc. 577, 578, 628, 590; 12 Wall. 404; 9 Wall. 394; 24 Mo. App. 73; 11 Rich. 125; 120 N. Y. 267; 13 Cyc. 335 and 635; 2 Rich. 543 and 481; 1 McC. 584; 4 McC. 434; 37 S. C. 102.

*Messrs. John J. McMahan* and *Cooper & Cooper,* for respondent, submit: *This is an action to try title to real estate:* Code Civ. Proc. 312. *Construction of deed:* 13 Cyc. 601. *Irrelevant testimony:* 43 S. C. 100; 60 S. C. 67. *Construction shown by directions to surveyor:* 9 Cyc. 589; 13 Cyc. 627. *Names of adjoining lands:* 40 S. C. 145; 20 S. C. 578. *Findings of fact not reviewable:* 44 S. C. 496. *Construction of deed by Court:* 79 S. C. 442. *"Others" in boundaries:* 21 A. & E. Enc. of L. 1011.

March 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Elijah C. Metz was, at the time of his death, in possession of about 200 acres of land. He left surviving him five children. The plaintiffs, four of them, brought this action for partition, setting up a deed signed by Elijah C. Metz, in 1882, to his five children, the plaintiffs and the defendant, Daisy A. Metz. Daisy A. Metz, one of the defendants, was his daughter, and Jacob Metz and Oliver Metz were her children. The defendants set up title in themselves and Jesse U. Metz, under the will of Elijah C. Metz. The defendants denied that the "home place" of 200 acres was included in the deed of 1882, but that, even if it was included, the deed was never delivered and the title did not pass under that deed. The case has been treated throughout as an equity case, and issues were framed for a jury, as

follows: (1) Is the property sought to be conveyed by the will of Elijah C. Metz a part of the property embraced and described in the deed executed by Elijah C. Metz, dated September 4, 1882, recorded in the office of the Clerk of Lexington county, in deed Book DD, at pages 517 and 518? (2) Was the said deed, dated September 4, 1882, delivered? To both of these questions the jury answered "No." A motion was made by plaintiffs to set aside the verdict. The trial Judge set aside the answer as to the second question and ordered a new trial, as to the question. As to the first question, he refused to set it aside. From the refusal to set aside the verdict as to the first question, the plaintiffs appealed.

Ordinarily, an order granting a new trial, unless for error of law, is not appealable; but in this case the plaintiffs claimed under the deed of 1882, and the defendant, under the will of Elijah C. Metz. The only contest as to the will was that the testator did not own property because he had conveyed it by deed of 1882. If the deed of 1882 did not include the home place, then the plaintiffs' case fails, and, when a judgment based upon that verdict is rendered, the plaintiffs' case fails, and it makes no difference, so far as this case is concerned, whether the deed was delivered or not. If that judgment is affirmed, the judgment appealed from is a final determination of the case.

There are 19 exceptions, but they may be grouped under six questions:

1. Was it competent to ask witnesses, "Was the home place within the description of the deed?" The presiding Judge told the witnesses they could describe the land and point it out on the plat, but they could not answer yes or no, as that was a question for the jury. In this there was no error, but the witnesses answered the question, anyway, and it was not stricken out. The exceptions that raise this question cannot be sustained.

2. Were the will and separate deeds of E. C. Metz to his children admissible? They were. The will was alleged in the complaint and set up in the answer as the source of defendants' title. The defendants set up title in themselves under the will of Elijah C. Metz. Elijah C. Metz had been in possession of the land more than 30 years. These deeds tended to show the character of the possession of Elijah C. Metz, and also had a bearing on the second question, as to the delivery of the deed and the acquiescence of the plaintiffs in their father's ownership.

3. The conversations testified to were in the presence of the plaintiff and affected the question in the same way. It is not clear from the record that the plaintiffs were present at one of the conversations, but there was no objection on that ground.

4. The appellants claim that this is an equity case and this Court can pass on the facts. The defendants claimed title; that raised a purely legal issue that should first have been tried by a jury. See *Capell* v. *Moses,* 36 S. C. 559, 15 S. E. 711. This is a leading case and cited in many cases since. No question has been raised as to the form of trial. It is sufficient to say that this Court has no jurisdiction to review the facts.

5. The appellant claims that a verdict should have been directed and set aside when rendered. There was abundant evidence to carry the case to the jury and to sustain its finding.

6. The appellant complains that the presiding Judge held that there was an ambiguity. The construction of a deed is a question of law for the Court, and not a charge on the facts. Even with the plat the adjacent proprietors were uncertain. The plat called for Shealy and Lowman. There is nothing to show where Shealy's land stops and Lowman's land begins. The deed says "south by Jesse M. Shealy and others." Only one adjacent proprietor besides Shealy would not have filled the descrip-

tion.    The only other adjacent proprietor was the land of
the grantor.

The judgment in accordance with the verdict is affirmed,
and the complaint dismissed.