JENNINGS *v.* REESON.

1. WILLS—REFERENCE TO DEED—VALIDITY—INTENTION.

Where testator by his will clearly expressed his intention that a farm should go to his daughter, referring to a deed of the farm to her which he had executed and placed in escrow, the validity of which is questioned but not determined, *held*, to be a valid devise.

2. DEEDS—DELIVERY—QUESTION OF LAW.

Where it is undisputed that a deed of a farm from a wife to her husband was executed and delivered by her, and was in his possession at the time of her death, the court below properly held that there was a valid delivery, as a matter of law, although there was some question as to whether the deed was entitled to record by reason of the fact that it was acknowledged and witnessed over the telephone.

3. EJECTMENT—DEEDS—EVIDENCE—ADMISSIBILITY.

In ejectment proceedings, where plaintiff claimed title under a deed from his wife, testimony as to another deed, executed at the same time, from the husband to the wife, of another parcel of land, was properly rejected as immaterial.

Error to Genesee; Stevens, J.   Submitted January 18, 1918. · (Docket No. 135.)   Decided March 27, 1918.

Ejectment by John H. Jennings against Edwin L. Reeson.   Judgment for plaintiff on a directed verdict. Defendant brings error.   Affirmed.

*Sylvester Pheny* and *James H. Lynch,* for appellant. ·

*George W. Cook* (*Clarence Tinker,* of counsel), for appellee.

KUHN, J.   This is an action of ejectment.   Plaintiff having obtained a judgment of restitution of the premises, the cause is removed to this court by the ·defendant by writ of error.

John Reeson and wife, Mary A. Reeson, resided in the village of Fenton, Genesee county, in this State. Mr. Reeson died on the 1st day of May, 1908, and Mrs. Reeson died prior thereto.   Two surviving children were left, a son and a daughter, Edwin L. Reeson, the defendant herein, and Mary E. Jennings, now deceased.   Mr. Reeson prior to his death owned two pieces of real estate, a farm and a house and lot in the village of Fenton.   Prior to the death of Mr. and Mrs. Reeson, on the 4th day of February, A. D. 1895, they made, executed and acknowledged a deed of the farm to the daughter, Mary E. Reeson Jennings, and a deed of the village property to their son, the said defendant, Edwin L. Reeson.   These deeds, thus executed, were enclosed in an envelope, upon which was written the following:

"Valuable title deeds to real estate in Fenton, to remain subject to control of John Reeson and Mary A. Reeson, his wife, during their natural lives.   To the president or cashier of the State Bank of Fenton.   On being informed of the demise of the two persons above named you may deliver the deed enclosed to our son and daughter as named in the separate deeds running to them with the old deeds of the same property, un-

less before otherwise directed by us.   Fenton, February 6, 1895.

"JOHN REESON,
"MARY A. REESON.
"Henry C. Riggs, Attorney and Notary Public, Fenton, Mich."

The envelope containing the deeds and other papers was deposited in the State Bank of Fenton, presumably at about the time the deed was made.   After the death of Mrs. Reeson, John Reeson made his will, and after disposing of his personal property, the will contains the two following paragraphs:

"It is to be understood by this that all my property not already disposed of by deed is to go to my daughter Mary Jennings, aforesaid, in consideration for services rendered and from the fact that I have already given my son his full share.

"As my property now stands, I have deeded my farm to my daughter and my village property to my son, deeds being held in trust and not to be recorded until my death.   These deeds, with the above mentioned personal property, dispose of my entire possessions exactly as I wish, and it is to be understood that this disposition is to be made by placing the deeds on record and turning over the personal property as above directed, without any necessity of probating the estate, as by so doing everything is disposed of as I wish it, and the expense of probating is thereby obviated."

This will was not presented for probate until some question had been raised as to the validity of the deeds, which had been placed on record after the death of the father.   The will was admitted to probate on the 8th day of December, 1915.   The daughter, Mary E. Reeson Jennings, who died prior to the probate of this will, had made and signed a deed of the farm to John H. Jennings, the plaintiff.   It appears that Mrs. Jennings was sick and unable to leave her home.   She gave the deed to plaintiff, who took it to Mr. Hitchcock, the cashier of one of the banks in the village of

Fenton, who was a notary public, and who took her acknowledgment over the telephone, and her signature to the deed was at that time witnessed by himself and by Mr. George Green, the assistant cashier, neither of whom saw Mrs. Jennings personally on that occasion. The deed was left at the bank by John Jennings and was there when Mrs. Jennings died. He subsequently took the deed from the bank and had it placed on record. Mrs. Jennings assumed ownership of the farm in question after the deed to her was recorded, and continued so until her death. After the title to the farm was disputed, Mr. Jennings instituted proceedings before one of the circuit court commissioners of Genesee county to get possession of the farm, and in this action he was successful, but an appeal was taken to the circuit court, and before he actually took possession of the farm, defendant took possession thereof and was in possession at the time this suit was instituted.

It is the claim of plaintiff that he obtained title to the farm by virtue of the will conveying the farm in question to Mary E. Reeson Jennings and by the deed from her to himself.

The defendant contends that there are three principal issues in this case:

1. Whether or not Mary Jennings, by virtue of the deeds deposited in the bank in February, 1895, obtained title to the property in question.

2. Are the deeds of John Reeson to be construed as a part of his last will and thus convey title to Mary Jennings?

3. Was there any delivery of the deed of Mary Jennings to John Jennings?

It is insisted by counsel for defendant that these questions should all be answered in the negative.

No contention is made by counsel for the plaintiff and appellee that the delivery of the deed which was deposited in the bank gave any title to Mary Jennings

by itself, but it is insisted that, when taken in connection with the will, it must be treated as incorporated in the will, and, so far as it is necessary, should be given full effect to carry out the desire of the testator as expressed in the will. Counsel for appellant concede the general legal proposition that a testator may by apt words refer to any written paper, deed or otherwise, in such a manner as to incorporate it into his will, but it is insisted that there cannot be found within the four corners of the will in question a single sentence which can be construed into a statement of intent to convey or devise by his will any real estate. It is the contention that the recital in a will that a deed has been given, which statement subsequently it is discovered is erroneous, does not disclose a purpose or intention on the part of a testator to give the same property by will, and the case of *Smith* v. *Smith,* 113 Md. 495 (31 L. R. A. [N. S.] 922), is called to our attention. In that case the court quotes liberally from the case of *Zimmerman* v. *Hafer,* 81 Md. 347, which it is insisted is almost identical with the case at bar. In that case the recital in the will reads:

"Whereas, I have this day made and executed a deed conveying to J. Monroe Zimmerman the farm whereon I now reside, I do hereby give and bequeath unto him, the said James Monroe Zimmerman, all my personal property of whatever description and wheresoever situate. I thus give to the said J. Monroe Zimmerman all my property and estate because," etc.

It is clear from this language that the testator supposed he had conveyed the land in question and that there remained nothing to give validity to the transfer. Such was also the situation in the case of *Noble* v. *Tipton,* 219 Ill. 182 (3 L. R. A. [N. S.] 645, where it was held that the recital in the will of a conveyance of land to a certain person is not effective as a devise if the conveyance proves ineffectual. It is insisted, however, and we are inclined to agree, that the will

now before us clearly shows the intention of the testator to dispose of the farm to his daughter. The will by its terms, conceding, without deciding, that the deed is invalid, disposes of the farm in question to Mrs. Jennings. It expressly says:

"It is to be understood by this that all my property" —not *personal* property—"not already disposed of by deed is to go to my daughter, Mary Jennings aforesaid, in consideration for services rendered and from the fact that I have already given my son his full share."

In the other paragraph above set forth we also find this expression:

"These deeds, with the above mentioned personal property, dispose of my entire possessions *exactly as I wish,*"

and his purpose to carry this intent into effect is also disclosed by his direction, where he says:

"This disposition is to be made by placing the deeds on record and turning over the personal property as above directed without any necessity of probating the estate, as by so doing *everything is disposed of as I wish it.*"

Whether or not the deed should be incorporated as a part of the will, is, in our opinion, to be determined by the test of whether or not the will itself showed an intention on the part of the testator to dispose by the will of the property described in the deed. That this was the intention of the testator seems, as we have said, to be clear from the language of the will, although perhaps the expressions are rather inartificial and not as plain as they might be. The paragraphs of the above will cannot, however, be read without clearly carrying the conviction from the language that the testator intended thereby to give to his daughter the land described in the deed and which is the property here involved.

Neither are we impressed with the claim of the

appellant that the question of delivery of the deed from Mary E. Jennings to plaintiff was, under the facts of this case, a question of fact for the jury and should have been submitted to them for determination. It is conceded that a deed is valid between the parties thereto without witnesses or acknowledgment, and the question whether a deed is entitled to record which is acknowledged and witnessed in the manner that this instrument was, is not before us. It does not seem to be disputed that Mary E. Jennings executed the deed of the farm to the plaintiff and delivered the same to him before her death. It was in his possession at the time of her death and was in his safety deposit box at the bank. It was not among her papers and was not in her possession nor in the possession of a third party for her.

Counsel for appellant on the trial of the case sought information with reference to another deed from Mr. Jennings to Mrs. Jennings of another separate parcel of land, which was executed at the same time that the deed in question was. This was objected to on the ground that it was incompetent and immaterial and had no bearing upon the delivery of the deed from Mary E. Jennings to John Jennings. This ruling of the court is complained of because it is insisted it was a proper subject of inquiry, but we are of the opinion that the court ruled properly in holding that the inquiries were not pertinent to the issues here involved.

It was not error, under the facts of this case, for the court to determine the question of whether or not this deed had been delivered, without submitting it to the jury.

Finding no error, we are constrained to affirm the judgment of the court below.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.