MARIA E. SWEENEY, ADMINISTRATRIX (ESTATE OF
MAURICE SWEENEY) v. JOHN SWEENEY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 8—decided March 6, 1940.

*William M. Harney*, with whom was *Joseph V. Fay, Jr.*, for the appellant (plaintiff).

*James M. Kelly*, with whom was *Thomas C. Flood*, for the appellee (defendant).

JENNINGS, J. Maurice Sweeney, plaintiff's intestate, hereinafter called Maurice, deeded his farm to his brother John M. Sweeney, hereinafter called John, and the deed was recorded. John deeded the property back to Maurice. This deed is unrecorded and was

accidentally burned. The question to be decided is whether the second deed was delivered and if so, whether or not a condition claimed to be attached to the delivery is operative. This must be determined on the finding. The following statement includes such changes therein as are required by the evidence:

The plaintiff is the widow and administratrix of Maurice but had not lived with him for the twenty years preceding his death in September, 1938, at the age of seventy-three years. Maurice lived on a tract of land of some hundred and thirty-five acres which he owned in East Hampton, where he ran a tavern. John assisted him in running the tavern to some extent. On February 2, 1937, Maurice and John went to the town clerk's office in East Hampton pursuant to an appointment made the preceding day. Maurice requested the town clerk to draw a deed of his East Hampton property to John and this was done. At the same time he requested that a deed be prepared from John to himself so that he, Maurice, would be protected if John predeceased him. Both deeds were duly executed. The first was left for recording and the second was taken away by Maurice and never recorded. A week or two later Maurice took to John the recorded deed and a week or two after that took the unrecorded deed to John's house. John kept both deeds and gave the second deed to his attorney after the institution of this action. It was destroyed when the latter's office was burned. After the execution of the deeds, Maurice continued to occupy the property, paid the fixed charges, received the rents and exercised full dominion over it until his death. In April, 1937, Maurice made a written lease to Ernest Myers of a portion of the premises and on June 18, 1938, a written lease to Frank and Esther Fricke for twenty years. The first lease is lost but the second was recorded. The

defendant never collected any money from tenants or paid any fixed charges or repairs prior to the death of Maurice. On these facts the trial court concluded that there was no intention to make present delivery of John's deed to Maurice, that there was no delivery or acceptance thereof, that it was not intended to operate until John's death and rendered judgment for the defendant.

This deed was, in effect, manually delivered. Maurice continued to occupy the property and exercised full dominion over it without interference by John. It follows that all the essentials of a good delivery were present unless there is something in the contentions of John which defeats this result. He claims that there was no intention on his part to make present delivery.

It is, of course, true that physical possession of a duly executed deed is not conclusive proof that it was legally delivered. *McDermott* v. *McDermott,* 97 Conn. 31, 34, 115 Atl. 638. This is so under some circumstances even where there has been a manual delivery. *Hotaling* v. *Hotaling,* 193 Cal. 368, 381, 224 Pac. 455, 56 A. L. R. 734, and note p. 746. Delivery must be made with the intent to pass title if it is to be effective. *Porter* v. *Woodhouse,* 59 Conn. 568, 575, 22 Atl. 299; *McDermott* v. *McDermott,* supra.

The deed having been in effect actually delivered to Maurice, the execution of the attestation clause was prima facie proof that the deed was delivered. *New Haven Trust Co.* v. *Camp,* 81 Conn. 539, 542, 71 Atl. 788. There is a rebuttable presumption that the grantee assented since the deed was beneficial to him. *Moore* v. *Giles,* 49 Conn. 570, 573. No fact is found which militates against this presumption. Where deeds are formally executed and delivered, these presumptions can be overcome only by evidence that no

delivery was in fact intended. *Loughran* v. *Kummer,* 297 Pa. St. 179, 183, 146 Atl. 534; *Cragin's Estate,* 274 Pa. St. 1, 5, 117 Atl. 445; *Stewart* v. *Silva,* 192 Cal. 405, 409, 221 Pac. 191. The only purpose in making the deed expressed by either party was the statement by Maurice that it was to protect him in case John predeceased him. Since this purpose would have been defeated had there been no delivery with intent to pass title, this conclusively establishes the fact that there was a legal delivery.

The defendant next claims that if there was a delivery, it was on condition and that the condition (the death of John before that of Maurice) was not and cannot be fulfilled. This claim is not good because the delivery was to the grantee. "A conditional delivery is and can only be made by placing the deed in the hands of a third person to be kept by him until the happening of the event upon the happening of which the deed is to be delivered over by the third person to the grantee." *Porter* v. *Woodhouse,* supra, 574; *Raymond* v. *Smith,* 5 Conn. 555, 559. Conditional delivery to a grantee vests absolute title in the latter. *Loughran* v. *Kummer,* supra, 185; *McCarthy* v. *Security Trust & Savings Bank,* 188 Cal. 229, 234, 204 Pac. 818 (grantor retained possession of the premises and gave a mortgage of it); *Stewart* v. *Silva,* supra, 410; *City National Bank* v. *Anderson,* 189 Ky. 487, 225 S. W. 361 (deed surrendered to grantor); 16 Am. Jur. 506; 21 C. J. 874. As is pointed out in the *Loughran* case, supra, this is one of the instances where a positive rule of law may defeat the actual intention of the parties. The safety of real estate titles is considered more important than the unfortunate results which may follow the application of the rule in a few individual instances. To relax it would open the door wide to fraud and the fabrication of evidence. Al-

though the doctrine has been criticized (2 Tiffany, Real Property [2d Ed.] p. 1764; 5 Wigmore, Evidence [2d Ed.] §§ 2405, 2408) no material change has been noted in the attitude of the courts in this country.

The finding does not support the conclusion. The finding shows a delivery and, even if a conditional delivery is assumed, the condition is not good for the reasons stated. Since a new trial is necessary, the one ruling on evidence made a ground of appeal is noticed. The town clerk was permitted to testify to certain statements made by Maurice when the deed was drafted. Parol evidence is not admissible to vary the terms of the deed but may be received to show the use that was to be made of it. *Fisk's Appeal*, 81 Conn. 433, 437, 71 Atl. 559. The ruling was correct as showing the circumstances surrounding delivery.

There is error and a new trial is ordered.

In this opinion the other judges concurred.