ROSE LOMARTIRA *v.* MARY A. LOMARTIRA

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued June 2—decided June 29, 1970

*Frank J. Dumark,* with whom was *John H. Lindsay,* for the appellant (defendant).

*Max H. Schwartz,* with whom, on the brief, was *Robert A. Fuller,* for the appellee (plaintiff).

Thim, J. The decisive question on this appeal is whether a deed executed by the plaintiff was legally delivered to the defendant.

The assignment of error concerning the court's refusal to find certain facts has not been briefed and is therefore treated as abandoned. *Monahan* v. *Montgomery,* 153 Conn. 386, 389, 216 A.2d 824. The finding discloses the following facts. The plaintiff acquired a one-half interest in certain Branford real estate by deed dated March 17, 1955, and recorded on March 21, 1955. On March 18, 1955, she executed two deeds, each covering this identical one-half interest, whereby in one she named her husband, Guiseppe, as sole grantee, and in the other her husband, her daughter Mary (the defendant herein), and her son Anthony, or the survivor of them. Both deeds were executed before Attorney Archibald Marshall, were acknowledged as to form, and were witnessed by the same persons. The plaintiff left the deeds on the desk of Attorney Marshall and gave him no instructions concerning them. The plaintiff's husband was present, but neither the defendant nor her brother Anthony was present when the plaintiff executed the deeds. Neither the plaintiff nor her husband, Guiseppe, physically delivered the second deed to the defendant. The deed by which the plain-

tiff had earlier received her one-half interest in the property was recorded on March 21, 1955, but neither of the deeds which she executed on March 18, 1955, was then recorded. Guiseppe died on September 1, 1964, and up to that time neither of these two deeds had been recorded. Following Guiseppe's death, the first deed was found in a strongbox which he had kept in his home and had used to store important papers.

Attorney Marshall gave the second deed to someone other than the plaintiff on the day when it had been executed. The defendant obtained the second deed, in some way not disclosed, in the spring or summer of 1955, and later had photocopies of it made at her place of employment. About two weeks after Guiseppe's death, and following instructions by the plaintiff to the defendant, the original of the second deed was returned to the plaintiff. The plaintiff burned the deed, which still had not been recorded. On November 9, 1964, the defendant caused a photocopy of the second deed to be recorded upon the Branford land records. After the death of her father, the defendant told her brother Anthony about the deed and gave him a photocopy of it. Anthony apparently did not feel that he had any right to the property, and on November 19, 1964, he conveyed his purported interest to his mother. Following the execution of the second deed on March 18, 1955, the plaintiff continued to act as the owner of the property; she collected rents, paid taxes, and also took certain legal actions relating to it.

On April 7, 1955, the plaintiff executed two additional deeds covering property other than the subject property. The plaintiff, however, followed a course of action with these latter deeds similar to that taken on March 18, 1955. In one deed she

named her husband as the only grantee. In the other deed she named her husband, the defendant, and Anthony, and the survivor of them. Both deeds were executed before Attorney Marshall, and were never recorded. The property covered by these latter deeds was subsequently sold to a person not involved in this case and not a grantee in the unrecorded deeds. Both of these latter deeds were found in Guiseppe's strongbox at the time of his death, along with the first deed executed on March 18, 1955.

From these facts the court concluded that there was no intent on the part of the plaintiff to convey to the defendant a present interest in the property; that there was no legal delivery of the second deed, under which the defendant claims an interest in the property; that the photocopy of the second deed is invalid and conveys no interest in the property to the defendant; that the defendant has no estate or interest in the property; and that the plaintiff is entitled to have the title to the property quieted and settled in her as against the defendant.

The defendant claims that the plaintiff effectively conveyed her interest in the property and that the court erred in concluding that the defendant had no interest therein. "The delivery of a deed with intent by the grantor to pass title is essential to a valid conveyance. *City National Bank* v. *Morrissey,* 97 Conn. 480, 483, 117 A. 493; *Wiley* v. *London & Lancashire Fire Ins. Co.,* 89 Conn. 35, 39, 92 A. 678; *Porter* v. *Woodhouse,* 59 Conn. 568, 575, 22 A. 299; 7 Thompson, Real Property (Perm. Ed.) § 4110. . . . [E]vidence can be received under appropriate pleadings to show that there was no delivery. *Sweeney* v. *Sweeney* . . . [126 Conn. 391, 394, 11 A.2d 806]; 7 Thompson, op. cit., §§ 4120, 4141, 4147; 4 Tiffany . . . [Real Property (3d Ed.)] § 1040.

The party who asserts nondelivery has the burden of proving it by clear and convincing evidence. 7 Thompson, op. cit., §§ 4120, 4141, 4147; *Wright* v. *Wright,* 77 Fed. 795, 798 [D. Conn.]." *Bell* v. *Bloom,* 146 Conn. 307, 308, 309, 150 A.2d 300. The court's conclusion that the defendant acquired no interest in the property is an inference from the subordinate facts found and is clearly supported by the finding that there was no legal delivery of the second deed. See *Wiley* v. *London & Lancashire Fire Ins. Co.,* supra, 39, 41.

The defendant's next claim is that the court erred in concluding that there was no intent on the part of the plaintiff to deliver the deed in question. The short answer to this claim is that delivery always depends upon the intent of the grantor as manifested by his words and acts, and it is necessarily a question of fact. *McDermott* v. *McDermott,* 97 Conn. 31, 36, 115 A. 638; *Humiston* v. *Preston,* 66 Conn. 579, 584, 34 A. 544. The finding amply supports the court's conclusion on this issue.

The final claim of the defendant is that the court erred in admitting into evidence the other deeds found in Guiseppe's strongbox as bearing on the question of delivery of the second deed. In an attempt to ascertain whether or not a grantor intended to deliver a deed, it is proper for the trier of fact to consider the circumstances preceding, attending, and subsequent to the execution of the instrument. 23 Am. Jur. 2d, Deeds, § 109; see also *Merrills* v. *Swift,* 18 Conn. 257, 261. Evidence of the execution of other deeds is sometimes admissible as to the question whether there was the requisite intent to deliver a particular deed. 26A C.J.S. 59, Deeds, § 197; see *Watson* v. *Watson,* 283 Ala. 214, 219, 215 So. 2d 290. To be admissible, the other deeds

must be shown to be sufficiently connected with the matter at hand so as to fairly cast light upon it and to assist the trier in making the necessary determination. See 29 Am. Jur. 2d, Evidence, § 365. This test of admissibility is met, as in the instant case, where the other deeds tend to show that the grantor had a common purpose, or where the execution of all the deeds is inconsistent with an intent to deliver the deed in question. Ibid.; *Napier* v. *Elliot,* 162 Ala. 129, 131, 50 So. 148; *Metz* v. *Metz,* 106 S.C. 514, 518, 91 S.E. 864; *Mitchell* v. *Allen,* 81 S.C. 340, 344, 61 S.E. 1087; cf. *Jennings* v. *Reeson,* 200 Mich. 559, 166 N.W. 931. Accordingly, it was proper for the court to admit the other deeds into evidence.

There is no error.

In this opinion the other judges concurred.