[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON FLEET BANK'S MOTION FOR SUMMARY JUDGMENT
It is alleged in the Amended Complaint that on February 22, 1993 defendant Fleet Bank owned property at 70 Naubuc Avenue in the Town of East Hartford, that plaintiff's decedent was walking along a sidewalk in front of said premises, that said sidewalk was covered with ice and snow, that she was caused to leave the sidewalk because of the ice and snow and that as a result of leaving the sidewalk she was killed by a passing motorist. Fleet Bank has filed a Motion for Summary Judgment claiming that it was not the owner of the premises in question on the date of the alleged accident, and that it owed no duty of care to said decedent.
Fleet Bank took title to said premises by Certificate of Foreclosure dated January 15, 1993. Said Certificate of Foreclosure was recorded on the Land Records on January 15, 1993. Title was then transferred to defendant EMC Mortgage Corporation by virtue of a Quit-Claim Deed recorded immediately following the recording of the Certificate of Foreclosure. EMC, the grantee, was notified of the recording by copy of letter to Fleet Bank dated January 26, 1993. The alleged accident occurred almost a month thereafter.
Both EMC, one of the defendants, and the plaintiffs have objected to the Motion for Summary Judgment. EMC claims by way of affidavit that it did not receive a deed evidencing the transfer until after it had received notice of the accident. It further claims that all property being transferred pursuant to a certain purchase agreement should have been included in either the Property Schedule or the Foreclosure Loan Schedule of the Purchase Agreement, and that the premises in question were not CT Page 2397 included in the Property Schedule or the Foreclosure Loan Schedule of the Purchase Agreement.
EMC does not claim that it had no notice of the transfer. Nor does it claim that it had not agreed to the transfer. Nor does it claim that it paid no consideration for the transfer. EMC citesLomartira v. Lomartira, 159 Conn. 558 (1970) for the proposition that a deed must be delivered to a defendant before it is considered valid. The facts in that case are clearly distinguishable. In that case the grantor of the original deed did not intend to give it to the defendant. Furthermore, the original deed was not recorded on the land records, and in fact was burned up by the grantor. EMC also cites McCook v. Coutu,31 Conn. App. 696, 701-702. That case is also distinguishable because the grantor of the original deed did not intend to give it to the defendant and the original deed was not recorded on the land records. The court agrees with EMC that delivery requires the grantor to part with possession of the deed in favor of the grantee with an intent that title vests in the grantee. That is exactly what occurred when Fleet Bank caused the deed in favor of EMC to be recorded on the Land Records.
The court holds that fleet [Fleet] Bank had no duty to the plaintiffs in this action inasmuch as it neither "owned, operated, maintained, possessed, or controlled" the premises located at 70 Naubuc Avenue" on the date of the accident.
The Motion for Summary Judgment is Granted.
Allen, State Trial Referee