[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 108)
Has a release of a mortgage been "delivered" when the mortgagee files it with the appropriate town clerk for recording CT Page 11974 but does not give it to the mortgagor? That is the question presented in this case. For the reasons briefly stated below, there is no categorical answer to this question. The summary judgment documents submitted to the court in this case leave a genuine issue as to material fact. Summary judgment must consequently be denied.
The documents submitted to the court indicate that in 1995 the defendant, Household Realty Corp. ("HRC"), held a mortgage on the Madison home of the plaintiff, Michael P. Cerny ("Cerny"). Cerny wanted to refinance his home. On December 27, 1995, his attorney sent HRC a check, paying the outstanding mortgage in full, and a request for a release. HRC received these documents on December 30, 1995. It executed a release on January 25, 1996, and sent it to the Madison Town Clerk. The Clerk recorded the release on February 5, 1996. Cerny did not himself receive the release.
Conn. Gen. Stat. § 49-8 (a) provides that, upon satisfaction of a mortgage, "[t]he mortgagee . . . shall execute and deliver a release." Subsection (c) of the same statute provides that, "[t]he mortgagee . . . shall execute and deliver a release within sixty days [of] a written request for a release of such encumbrance." The mortgagee is liable for damages for a violation of this latter provision. Id.
Cerny commenced this action, seeking damages pursuant to the statute just described, in December 1996. On July 15, 1997, he filed the motion for summary judgment now before the court. The factual submissions accompanying his motion essentially consist of an affidavit of his. attorney and answers to interrogatories submitted by HRC. Those answers admit that Cerny himself never received a recorded release of the mortgage. HRC, in its response, submits deposition testimony of the Town Clerk establishing that a release was duly recorded, as described above.
A hearing was held on November 10, 1997. At the hearing, Cerny was asked whether the problem in the case is that he wants a release now and for some reason cannot get it or that he did not get a release in a timely fashion in the first place. He replied that, in his view, the problem is that he did not originally obtain a release in timely fashion and is, therefore, entitled to damages under Conn. Gen Stat § 49-8. CT Page 11975
The statute just referred to is, consequently, the cynosure of the case. The text is, at first blush, enigmatic. The statute requires a mortgagee to "execute and deliver a release." It does not say to whom the release must be delivered. The word "deliver" is not statutorily defined. Conn. Gen. Stat. § 49-9 (c) requires town clerks to note discharges and partial releases "as by law provided," so the statutory scheme plainly envisions that releases will eventually be recorded by town clerks. The statutes are, however, silent, on just who is to give these documents to the town clerks. In spite of the fact that the "delivery" requirement of § 49-8 has been in existence since 1869 (it was originally enacted by 1869 Conn. Pub. Acts ch. 16), it has not been judicially construed by any discovered case.
The absence of direct authority is, however, not quite the handicap that it might initially appear. The word "deliver" is a term of art in real estate parlance and has been so for over two hundred years. See Halluck v. Bush, 2 Root 26, 27 (1793). Courts confronting mortgage law problems "are free to consult other areas of the law for guidance, particularly when similar guiding policies are in play." First Constitution Bank v. Harbor VillageLimited Partnership, 230 Conn. 807, 820, 646 A.2d 812 (1994). In a title theory state like Connecticut, similar guiding policies undergird the law of mortgages and deeds. Connecticut NationalBank v. Esposito, 210 Conn. 221, 225, 554 A.2d 735 (1989). In the context of deeds, the meaning of the term "delivery" has been well established by our courts.
"To constitute a delivery" of a deed, our Supreme Court explained long ago, "the grantor must part with the legal possession of a deed and of all right to retain it." Porter v.Woodhouse, 59 Conn. 568, 574, 22 A. 299 (1890). The concept of delivery includes an element of intent. "[A] delivery of a deed . . . does not consist of the mere act of handing or transmitting it either to the grantee or another person, but of that act and of the intention with which it is done." Merrills v.Swift, 18 Conn. 257, 261 (1847). Consequently, "delivery always depends upon the intent of the grantor as manifested by his words and acts, and it is necessarily a question of fact." Lomartira v.Lomartira, 159 Conn. 558, 562, 271 A.2d 91 (1970).
What about the problem of a deed deposited for recording but not given directly to the grantee? This issue has frequently bedeviled the courts. The recording of a deed was held to constitute "a good delivery" in Merrills v. Swift, supra, 18 CT Page 11976 Conn. at 262. The grantee in that case received and accepted the deed in question after the fact. Id. at 258. Our Supreme Court later interpreted Merrills as standing for the proposition that, "neither the presence of the grantee, nor his previous authority to a third person to receive a deed on his behalf, nor even his subsequent express assent to it, is necessary to make the delivery of a deed valid; but where the deed is beneficial to him his assent will be presumed, unless indeed it appears that he dissented." Tibbals v. Jacobs, 31 Conn. 428, 431 (1863).
The modern law on the subject is that, "[w]hile the fact that a deed is on record is prima facie evidence of delivery, the deposit for recording of a deed by the grantor or his agent and the actual recording thereof do not constitute delivery as a matter of law, for the question remains whether, by so doing, the grantor intended to deliver the deed." 23 Am.Jur.2d Deeds § 137 (1983). See Hinton's Ex'r v. Hinton's Committee, 76 S.W.2d 8, 11
(Ky. 1934); Berlin v. Bloom, 28 N.E.2d 53, 55 (Ind. 1940). This test may appropriately be used to determine whether a release of a mortgage timely recorded but not given to the mortgagor has been timely "delivered" for purposes of Conn. Gen. Stat. § 49-8. Timely recording is prima facie evidence of timely delivery. The only remaining question is whether the mortgagee, by recording it, intended to deliver the release.
Given this analysis, Cerny's motion for summary judgment must plainly be denied. To prevail at this stage, Cerny would have to demonstrate that the documents submitted to the court conclusively show nondelivery. In fact, these same documents come very close to conclusively showing delivery. While it is theoretically possible that HRC recorded its release without the requisite intent, this possibility seems remote. "People as a rule do not deliberately put a flaw in the title to their property . . . unless they really intend to transfer some interest to the person whose name is thus placed in the record."Allen. v. Allen, 204 P.2d 458, 461 (Utah 1949).
If cross motions for summary judgment had been filed, HRC's case for summary judgment would obviously be a forceful one. HRC has not, however, filed such a motion. Although authority for granting summary judgment to a nonmoving party exists; seeCummings Lockwood v. Commissioner, 12 CONN. L. RPTR. No. 3, 84, 87 (Aug. 15, 1994); caution is required in the present circumstances because of our Supreme Court's admonition that delivery. "is necessarily a question of fact." Lomartira v.
CT Page 11977Lomartira, supra, 159 Conn. at 562. See McCook v. Coutou,31 Conn. App. 696, 701, 626 A.2d 1321, cert. denied, 227 Conn. 911,632 A.2d 692 (1993). Under these circumstances, it is prudent to simply deny the present motion and to let the litigation take its course.
For the reasons set forth above, the motion for summary judgment is denied.
Jon C. Blue Judge of the Superior Court