## WILLIS CAVANAUGH *v.* JOSEPH RICHICHI ET AL.
### (AC 27296)

Bishop, DiPentima and Berdon, Js.

Argued November 28, 2006—officially released April 10, 2007

*Paul J. Pacifico*, for the appellant (defendant Robert W. Bloom).

*Eric M. Higgins*, for the appellees (named defendant et al.).

*Mark F. Katz*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this matter involving a property dispute, the defendant Robert W. Bloom[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, Willis Cavanaugh. On appeal, the defendant claims that the court improperly found that (1) a deed for the subject property was delivered to the plaintiff with the requisite intent of transferring title and (2) a resulting trust was created. We affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the court in its memorandum of decision, are relevant to the defendant's appeal. "The starting point

---

[1] The plaintiff brought this action against Bloom, Joseph Richichi, Leslie Miklovich, Tallmadge Brothers, Inc., and John Gardella. Bloom is the only defendant challenging the judgment of the trial court on appeal. Thus, we refer to Bloom as the defendant.

for the analysis of the plaintiff's claims is December 24, 1962, when Helen Soderstrom, Beatrice Berg and Grace Wolfe executed a warranty deed to 120 Water Street, Norwalk, to Hillard E. Bloom, his brother, Norman R. Bloom, and Wallace H. Bell, Jr. This deed was recorded in the Norwalk land records in volume 591, page 536. The plaintiff's name did not appear as a grantee because the grantors did not know the plaintiff and were apparently reluctant to include him in the deed of conveyance. The plaintiff did, however, pay the grantors $5000, which was one half of the $10,000 deposit or down payment. The grantees took out a mortgage for approximately $45,000, which was paid by a partnership called Bell's Boatyard, which ran an oyster business from 120 Water Street, and of which the plaintiff was a one-third partner."

The court further found that a deed for the subject property was delivered to the plaintiff in 2003. The court stated: "There was credible testimony that the 1993 deed from the three grantors was first delivered to an attorney R. Desarbo in New Haven with instructions not to deliver the deed until the estate of Norman Bloom was settled. The settlement of the estate has been completed, and Leslie Miklovich, Hillard Bloom's daughter and Norman Bloom's niece, found this 1993 deed in the papers returned to her by the New Haven attorney. She delivered the deed to the plaintiff, who then recorded it in the Norwalk land records on May 29, 2003, in volume 4920, page 334. The deed contained 'executor's covenants' from Robert Bloom, who agreed that he did in fact sign the deed. Among other things, the deed to the plaintiff stated that its purpose was to 'correct any deficiencies of a deed recorded in the Norwalk Land Records in Volume 591, Page 536' and that the result is that one third of the subject premises would be owned by Wallace H. Bell, Jr., 'One-third (1/3rd) interest to Willis Cavanaugh,' one-sixth for Hillard E. Bloom and

one-sixth for Robert W. Bloom, as executor of the estate of Norman R. Bloom, deceased."

On the basis of those findings, the court concluded that "a resulting trust was created in 1963, when the plaintiff paid half of the down payment and a third of the mortgage, and the deed from the three record owners of the subject premises is valid and binding even though not delivered and recorded for ten years after its execution. In accordance with General Statutes § 47-31,[2] the plaintiff, Willis Cavanaugh, is deemed to own one third of the subject premises." This appeal followed.

The defendant brings two claims on appeal that challenge the factual bases for the court's conclusions. We note that although the court concluded that there were two independent legal bases to support the plaintiff's claim, one would have sufficed. Because we conclude that the defendant's first claim must fail and that the record supports the court's finding with respect to the delivery of the deed, it is unnecessary to give further review to the defendant's second claim.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). When reviewing the factual basis of a trial court's decision, our role "is to determine whether [those] facts . . .

---

[2] General Statutes § 47-31 provides in relevant part: "(a) An action may be brought by any person claiming title to, or any interest in, real . . . property . . . against any person who may claim to own the property, or any part of it, or to have any estate in it . . . . (f) The court shall hear the several claims . . . and render judgment determining the questions and disputes and quieting and settling the title to the property."

are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, [they] are clearly erroneous. . . . On appeal, [our] function . . . is limited solely to the determination of whether the decision of the trial court is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [W]e do not retry the facts or pass on the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.*, 69 Conn. App. 349, 353–54, 794 A.2d 1043 (2002).

Our jurisprudence regarding the conveyance of title is well established. The "[d]elivery of a deed coupled with intent by the grantor to pass title is necessary for a valid conveyance. . . . The delivery of a deed includes not only an act by which the grantor parts with the possession of it, but also a concurring intent on the part of the grantor that it shall vest the title in the grantee. . . . Both elements involve questions of fact for the trier of fact." (Internal quotation marks omitted.) *Young* v. *Young*, 78 Conn. App. 394, 398 n.5, 827 A.2d 722 (2003); see *McCook* v. *Coutu*, 31 Conn. App. 696, 701, 626 A.2d 1321, cert. denied, 227 Conn. 911, 632 A.2d 692 (1993); see also *Lomartira* v. *Lomartira*, 159 Conn. 558, 561, 271 A.2d 91 (1970).

On appeal, the defendant essentially argues that the court should have made different factual findings and reached different conclusions on the basis of the credibility of the witnesses. In effect, we are being asked to substitute our judgment, as to the credibility of the witnesses, for the judgment of the trial court. It is axiomatic that we cannot do that. In assessing the evidence, the court found that the plaintiff's claim of ownership

was valid and that the deed was delivered to the plaintiff with the requisite intent of transferring title. In coming to this conclusion, the court made factual findings that are amply supported by the record.

The judgment is affirmed.