(No. 12786.—Decree affirmed.)

ESTHER ESTELLA LINN, Appellant, *vs.* JAMES CAMPBELL *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. DEEDS—*remainder in fee may be limited after termination of life estate.* As livery of seizin is no longer necessary, where an estate is given to a trustee for the life of the grantor with power in the trustee to sell and convey the fee, a remainder in fee may be limited after the termination of the life estate.

2. SAME—*when deed is not a testamentary disposition.* Where an estate consisting of both real and personal property is given to a trustee for the life of the grantor and a remainder in fee is limited after the termination of the life estate, the fee in the real estate and the absolute title in the personal property vest in the remainder-man on the delivery of the deed, and the instrument does not make a testamentary disposition of property.

3. SAME—*when remainder is vested although subject to be reduced by exercise of power.* Where an estate is given to a trustee with power to sell and convey the fee or so much as is necessary to maintain the grantor during his life a remainder in fee limited to take effect after the death of the grantor is vested, and the uncertainty as to the amount of the estate which may be undisposed of by the trustee at the grantor's death does not render the remainder contingent.

4. TRUSTS—*trustee takes no larger estate than the nature of the trust requires.* ·Where an estate is granted to a trustee with power to dispose of whatever is necessary to maintain the grantor during his life, the trustee takes no larger estate than the nature of the trust requires.

APPEAL from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding.

PEFFERS & WING, for appellant.

ALDRICH & WORCESTER, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Kane county dismissing on demurrer, for want of equity, a bill filed by appellant, Esther Estella Linn, seeking to have declared void the last paragraph of a certain deed, the material parts of which are as follows:

"This indenture, made this 16th day of October, A. D. 1916, by William T. Linn, an unmarried man, of the city of Aurora, county of Kane and State of Illinois, witnesseth: ·

"That whereas the said William T. Linn is the owner of certain real estate and personal property described as follows: [Describing a residence lot in Aurora and seven promissory notes aggregating $7000, and his household furniture;] and whereas said William T. Linn is indebted to sundry parties in sums aggregating about two thousand ($2000) dollars; and whereas said note No. 1, for $2000, is held by the First National Bank of Aurora to secure ·a note and indebtedness dated October 2, 1916, for $1370.83; and whereas said note No. 5, for $1000, is held as collateral by the Aurora National Bank of Aurora, Illinois, to secure a note dated June 28, 1916, for $700; and whereas the said William T. Linn wishes by this conveyance to provide for his care, keep and maintenance during the rest of his natural life and to make a settlement of his estate in such manner that the aforesaid debts may be paid and the remainder may be distributed in accordance with the provisions of the trusts hereinafter created:

"Now, therefore, in·consideration of the premises the said William T. Linn hereby conveys and warrants unto James Campbell, of Oswego, Illinois, as trustee, all and singular the property here-

inbefore described, real and personal, upon the following trusts, to-wit:

"1. To pay all debts and obligations owing by and against said William T. Linn or his estate, and to this end the said trustee is authorized and empowered to sell and convey in his name all and singular the property, real and personal, hereinbefore described, and to make and execute in his name, as trustee aforesaid, all instruments or conveyances necessary for that purpose, to collect the interest, rent or proceeds of all said property, and to re-invest the same in such manner as to him seems best.

"2. To hold the residue of said property after the payment of the debts, and to pay the net income thereof to said William T. Linn in person, during his lifetime. No order or assignment shall be accepted and the power to alienate is prohibited. Said trustee shall deduct from any funds coming into his hands reasonable charges for his services in the premises in addition to the taxes, assessments and other legal expenses of administering said trust.

"3. And in case the income of said trust fund shall not be sufficient for the care, maintenance and support of said William T. Linn, the trustee may use so much of the principal as may be necessary for said purpose.

"At the death of said William T. Linn the said trust shall terminate, and the property remaining in the said trustee's hands, real and personal, is hereby granted to Harry Linn, the son of said William T. Linn, and his heirs forever.

"In witness whereof the said William T. Linn has hereunto set his hand and seal the day and year first above written.

WILLIAM T. LINN. (Seal)"

The bill alleges, in substance, that William T. Linn married appellant in 1906; that she lived with him for about ten years and in 1916 obtained a divorce for his fault; that he did not re-marry; that shortly after she obtained her divorce he made, executed and delivered the foregoing deed; that the grantee, James Campbell, accepted the trust established by said deed and thereafter acted as such trustee under said deed until the death of Linn; that at the time he made and delivered said deed Linn was the owner of the real and personal property mentioned in the deed; that Linn at said time owed substantially no indebtedness except to the two banks mentioned in the said deed for the amounts and secured by the collateral security as recited and set forth in said deed; that the real estate mentioned in

said deed was a residence property of the value of $4000; that the promissory notes mentioned and described in said deed were worth the face value thereof; that the household and chattel property mentioned in said deed was worth $500; that prior to the death of Linn, Campbell paid the indebtedness due the banks and the banks surrendered the notes held as collateral security to Campbell and that Campbell now holds the same; that September 20, 1917, Harry Linn, mentioned in said deed, died intestate, leaving as his only heir-at-law his niece, Irene Linn, a minor of the age of twelve years, residing in Michigan City, Indiana; that Harry Linn left no widow him surviving; that after the death of his son, Harry Linn, and because of his death, William T. Linn made his last will and testament September 29, 1917, by which he bequeathed to his grand-daughter, Irene Linn, the sum of $100, and devised and bequeathed to appellant all the rest, residue and remainder of his estate; that William T. Linn departed this life December 24, 1917, leaving his last will and testament, which was duly admitted to probate in the probate court of Kane county February 26, 1918; that the trustee used very little, or substantially none, of said property to provide for the care and maintenance of William T. Linn during his lifetime and none to pay debts of said Linn, except the notes owing said banks; that the real property and substantially all of the personal property are now held by said trustee in his possession, custody and control under said trust deed; that Campbell claims all of said property belongs to Irene Linn as heir-at-law of Harry Linn, deceased, and threatens to deliver the same to Irene Linn, to the damage and injury of appellant as legatee and devisee under the last will and testament of William T. Linn; that the only debts owing by William T. Linn are expenses of his last sickness and his funeral, which do not exceed the sum of $500; that Campbell claims compensation for his services as trustee and an allowance for attorney's fees and other expenses and

expenditures in administering said trust, which appellant denies; that the trust established by said deed has terminated and that the provision contained in the deed that "the property remaining in said trustee's hands, real and personal, is hereby granted to Harry Linn, the son of said William T. Linn, and his heirs forever," is invalid and is null and void; that as legatee and devisee under the last will and testament of William T. Linn appellant is entitled to the fee simple title and the full and exclusive possession of all the real estate mentioned in said deed, and that the trustee should be directed and required to convey the same to appellant, and that the trustee should be required and directed to turn over all the personal property remaining in his hands at the time of the death of William T. Linn to Joseph H. Freeman, as executor of the last will and testament of said Linn, to the end that the same, after proper administration of the estate under said last will, may be transferred to appellant, as residuary legatee under said will.

James Campbell, individually and as trustee, Joseph H. Freeman, as executor of the last will and testament of William T. Linn, deceased, and Irene Linn, are made parties defendant. N. J. Aldrich was appointed guardian *ad litem* for the minor defendant, Irene Linn. General demurrers filed by James Campbell, individually and as trustee, and by Irene Linn, were sustained.

Appellant contends that the deed is testamentary in character and that the limitation over to Harry Linn is void for that reason; that the deed attempts to convey property by way of remainder, which may or may not be left on the death of the grantor, and is therefore void for uncertainty; that the deed creates a fee in the trustee and that no remainder can be limited after a fee.

This case presents a conveyance by deed to a person *in esse,* expressed to take effect at the grantor's death but not in terms reserving to the grantor a life estate. Since livery of seizin is no longer necessary in this State, such

a conveyance created in the remainder-man a valid future interest. The fee in the real estate and the absolute title in the personal property vested in the remainder-man on the delivery of the deed, and therefore the instrument in question does not make a testamentary disposition of property. *Shackelton* v. *Sebree,* 86 Ill. 616; *Harshbarger* v. *Carroll,* 163 id. 636; *Latimer* v. *Latimer,* 174 id. 418.

A trustee will take no larger estate than the nature of the trust requires. It seems clear that the grantor intended his son should have whatever property remained after the grantor's death. The estate granted to the trustee was a life estate *pur autre vie,* with power in the trustee to dispose of whatever part of the principal was necessary to maintain the grantor during his lifetime. The law is well settled that an estate may be given to a person for life with power to sell and convey the fee, and that a remainder may in such case be limited in fee after the termination of the life estate. A remainder so limited is vested, though subject to be defeated by the exercise of the power by the life tenant. The uncertainty as to the amount of the reduction because of the disposition of the estate, or a part of it, for the comfort or necessities of the life tenant, and the consequent uncertainty as to the amount of the estate which may be undisposed of, do not render the remainder contingent. (*Burke* v. *Burke,* 259 Ill. 262; *Forbes* v. *Forbes,* 261 id. 424; *Bradley* v. *Jenkins,* 276 id. 161; *Ward* v. *Caverly,* 276 id. 416.) The estate specified in the deed was therefore an estate in fee simple, limited to take effect after a life estate *pur autre vie,* vested by necessary implication in the trustee for the life of the grantor. The grantor having divested himself of all control of the property in question had nothing left to convey by will.

The decree of the circuit court is affirmed.

*Decree affirmed.*