EDWARD B. JOBBES *v.* STATE OF CONNECTICUT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Submitted on briefs February 9—decided March 8, 1939.

*John J. Dwyer* on the brief for the appellant (plaintiff).

*Hugh M. Alcorn,* state's attorney, *Harold E. Mitchell* and *Hugh Meade Alcorn, Jr.,* assistant state's attorneys, on the brief for the appellee (defendant).

AVERY, J.   On September 17, 1936, after full trial by the court, the plaintiff was found guilty of the

crime of rape upon the person of Mildred Salter. In the following February, the accused brought the present action asking for a new trial upon the ground of newly discovered evidence. The case was thereafter heard and the trial court concluded that the new testimony offered was available to the accused in the exercise of due diligence at the former trial and further that the evidence was not such as would probably have brought about a different result. Judgment was entered in favor of the defendant from which the plaintiff has appealed. In the trial of the criminal case there was evidence before the trial court that Jobbes, the present plaintiff, and Mildred Salter, together with her baby, went to the home of the accused in East Hartford on August 9, 1936, between 4 and 4.30 o'clock in the afternoon and shortly after entering the home, Jobbes raped Mrs. Salter after a struggle. Thereafter she remained in the house, the front door of which was locked until the arrival of her husband. In the meantime the accused took her baby out on the sidewalk in front of the house. The accused denied having committed rape or having had sexual relations with Mrs. Salter. He testified that he purchased ice cream before entering his house which he, Mrs. Salter and the baby ate, then he washed the dishes while she cleaned the baby; she then went into the living room to read; thereafter he sat in the living room and played with the baby and then took it outside; she then went out on the porch for a moment and thereafter went back into the house where she waved at him from a window from time to time.

In support of his claim for a new trial the plaintiff produced six witnesses. All of the new witnesses were close neighbors or friends of the accused. The charge against him and the fact that he was to be tried upon that charge on September 17, 1936, was a matter of

common knowledge in East Hartford, and in the plaintiff's neighborhood; and all of the witnesses with one possible exception offered by him in support of the present suit knew of his arrest on the charge of rape and of the trial then pending, one of these was a witness at the trial and another was present at it and both were interviewed by the plaintiff's attorney in the preparation of his defense. Before the trial the accused had ample opportunity to interview these witnesses and if the facts as testified to by them were true the accused knew or should have known of their knowledge. The accused at his trial was capably represented by counsel who spent considerable time investigating the case and specifically instructed the accused to interview the neighbors.

The testimony of the new witnesses may be summarized as follows: One witness corroborated the testimony of the plaintiff that he purchased ice cream on the way to his house, a matter as to which Mrs. Salter gave no evidence; one witness, who lived on the floor above the apartment where the offense was committed, testified that he was at home at the time and heard no noise in the plaintiff's apartment; several testified as to seeing the accused with the baby on the street near his home, but Mrs. Salter and the plaintiff both testified that he did take the baby out on the street, she placing the time after the offense had been committed; three witnesses testified as to seeing Mrs. Salter on the porch of the house, which accorded with the evidence of the plaintiff at the trial but was contrary to Mrs. Salter's testimony that the front door of the house was locked and she stayed inside all the afternoon, but if the court had concluded that she was in error as to this, it might well have found that the incident occurred after the offense had been committed. For the rest, the claim of the plaintiff is that

the new testimony tended to show that he was not in the house alone with Mrs. Salter long enough to have committed the crime charged. Unless, however, the testimony of the two witnesses who stated the precise time when they saw him going to his home with Mrs. Salter were to be accepted by the trial court there would be no basis for this claim, and such testimony, where a matter is not brought to the attention of a witness until a considerable time after the event, is notoriously weak.

"To entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted." *White* v. *Avery,* 81 Conn. 325, 328, 70 Atl. 1065; *McGrath* v. *Crane Co.,* 119 Conn. 170, 173, 175 Atl. 572. "Upon a petition for a new trial, the burden of proving that the newly-discovered evidence, if offered, would probably bring about a different result is upon the plaintiff, and in determining that issue upon a hearing of such a petition, the trial court exercises a discretion which cannot be reviewed unless it appears that its discretionary power has been abused." *State* v. *Goldberger,* 118 Conn. 444, 457, 173 Atl. 216. The trial court heard and saw these witnesses and had an opportunity to consider their proposed testimony in view of the evidence offered in the trial of the criminal case, and reached a conclusion that the proposed new evidence would not have affected the result of the former trial. We cannot say that in reaching this conclusion the discretion vested in the trial court was abused, or that the trial court was in error in determining that this evidence was available to the accused in the

former trial and could have been produced by the exercise of due diligence.

There is no error.

In this opinion the other judges concurred.