HAROLD J. BOWEN, ADMINISTRATOR (ESTATE OF
ANTOINETTE DeLUCIA) ET ALS. *v.* LUCIA
MORGILLO ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 12—decided July 25, 1940.

*William J. McKenna,* with whom was *Victor M. Gordon,* and, on the brief, *Arthur B. O'Keefe,* for the appellants (defendants).

*Joseph B. Morse,* for the appellees (plaintiffs).

MALTBIE, C. J. The complaint in this case, brought by the administrator upon the estate of Antoinette DeLucia, deceased, contains the following allegations: The decedent owned certain real estate and also certain personal property including bank deposits and notes, certain of which were secured by mortgage. In December, 1936, she attempted to make a testamentary disposition of the property. She was at the time

weak from illness and for a long time before had not been in full possession of her mental and physical powers. As a result of the undue influence of the defendants she was prevented from making a will and was induced to enter into an arrangement whereby all her property should be transferred and held in trust until her death and then distributed to her husband and children. She did transfer the property in accordance with this arrangement. The property is in the possession of the defendants but they have refused to distribute it in accordance with the instructions of the decedent and refused to account for the receipts therefrom. The relief asked was damages, a decree ordering that the real estate and personal property be transferred to the plaintiff as administrator, and an accounting. Subsequent to the bringing of the action, the decedent's husband and children other than the defendant Lucia Morgillo were joined as plaintiffs.

The trial court has found the following facts: The decedent, while ill and at times mentally incompetent, executed a will during one of her lucid periods, in which she gave her husband a life use of her real estate, appointing a son trustee, and gave her personal property to her children. The defendant Lucia with others of her children, having learned of the execution of the will, called the attorney who prepared it to the decedent's home; a stormy family quarrel resulted in which the children demanded the destruction of the will; and thereupon the attorney, without the knowledge or consent of the decedent, did destroy it. Thereafter the defendant Lucia attempted to have the decedent make a new will but failed because the attorney she called upon to prepare it believed that the decedent was incompetent to execute it. The decedent's physical and mental condition continued to decline until her death. The defendant Lucia, in collusion

with her husband, Andrew, and the decedent's husband, after telling the decedent of the destruction of the will, persuaded her to attempt a testamentary disposition of her property through the execution of deeds of her real estate and assignments of mortgages to Lucia and by the execution at the same time of similar deeds and assignments by Lucia to the decedent's husband. In order to induce the decedent to execute the instruments, Lucia and her husband assured her that if she recovered from her illness the property would be returned to her, that the deeds and assignments from her to Lucia would be recorded, but that her husband would keep the deeds and assignments made by Lucia to him without recording and if she recovered he would reconvey to her all the property transferred to him, but if she should die he would retain the real estate during his life and upon his death it would be distributed to the children, and that he would distribute the personal property among their children. The deeds and assignments from Lucia to the decedent's husband came into the possession of Lucia and she recorded them. On the same day he reconveyed the real estate and mortgages to her upon her assurance that she would act in his place with regard to the disposition of the property in the same manner as had been agreed upon previously with the decedent. The conveyances were absolute deeds of conveyance.

The decedent had a considerable sum of money on deposit in a bank in three separate accounts. A few days before she executed the will, two of these accounts were closed and the balances transferred to the third account, which was changed to one payable to the decedent and her husband and the survivor. This was done to enable him to withdraw what might be needed for her during her illness and to return the bal-

ance to her if she recovered or divide it equally with the children if she should die. The husband withdrew the entire deposit and later, shortly after the decedent's death, turned the money over to the defendant Andrew Morgillo, $1200 to be used by him for her funeral expenses and $2000 for safe keeping. The decedent signed an order for the payment of another deposit to the defendant Lucia and she transferred this sum to an account in her own name. The defendant Lucia also took possession of a number of promissory notes which belonged to the decedent, and obtained her indorsements thereon.

The trial court further found that the intention of the decedent was to accomplish a testamentary disposition of the property mentioned in the finding in accordance with the provisions of the will which was destroyed; that she did not intend to make present gifts; and that both defendants participated in the attempt to thwart the purpose of the decedent to dispose of her property at her death by will. The court concluded that the transfers of property were invalid as attempted testamentary dispositions of it not in accordance with the law of this state, and that the defendants held the property as constructive trustees.

A comparison of the facts found by the trial court with the allegations of the complaint shows that in no essential respect was there a departure from the cause of action alleged. The complaint asserted a right to recover the property of the decedent from the defendants upon allegations the gist of which was that the decedent, desiring to dispose of her property by will, was induced to transfer it under an arrangement by which, in the event of her not recovering, it should be disposed of in accordance with her desires. The right asserted was not one to enforce any trust upon which the decedent had transferred the property, for, had it

been, the right of action would have been in those who would benefit by the agreement for the disposition of the property if it were to be carried out. As we shall point out, it is not necessary to consider whether the defendants held the property under a constructive trust effective in law. It is, therefore, of no moment that the trial court failed to find that the defendants exercised undue influence or fraud or that there existed the circumstances ordinarily giving rise to such a trust which are set forth in *Reynolds* v. *Reynolds*, 121 Conn. 153, 159, 183 Atl. 394. The allegations of the complaint as to the property being transferred in trust and the conclusion of the trial court that the defendants held it upon a constructive trust may be disregarded. The argument of counsel is largely concerned with the question whether, by reason of the facts found, the defendants are charged with such a trust to which the law can give effect, but this is not the decisive factor in the situation.

Section 4876 of the General Statutes provides that "no will or codicil shall be valid to pass any estate" unless it be made and executed in accordance with certain requirements therein detailed. The provisions of this statute amount "to a positive rule for the transmission of property, which must be complied with, as a complete act at the time of execution, or never, so far as the act of the testator is concerned." *Lane's Appeal*, 57 Conn. 182, 187, 17 Atl. 926. "Our statute of wills is prohibitive and exhaustive. It permits one to dispose of his property after death by will, that is, by bequest or devise, upon complying with the conditions in the statute prescribed, and not otherwise; and one condition prescribed is that each bequest shall be contained in a writing executed with prescribed formalities." *Hatheway* v. *Smith*, 79 Conn. 506, 512,.

65 Atl. 1058. One may transfer property in such a way that interests in it will arise only at his death, and he may transfer it in contemplation of his death, in lieu of making a will; but to be valid such transfers must convey a present interest. *Bromley* v. *Mitchell,* 155 Mass. 509, 511, 30 N. E. 83; *Nichols* v. *Emery,* 109 Cal. 323, 329, 41 Pac. 1089; *Cohn* v. *Klein,* 209 Cal. 421, 427, 287 Pac. 459; *Young* v. *Payne,* 283 Ill. 649, 653, 119 N. E. 612; *Lewis* v. *Curnutt,* 130 Iowa 423, 426, 106 N. W. 914. One may not make a valid transfer of property where the intent is not to convey a present interest, but solely to create interests which will arise at death, except in compliance with the requirements of the Statute of Wills; and any such attempted transfer is void. *Goodale* v. *Evans,* 263 Mo. 219, 230, 172 S. W. 370; *Tuttle* v. *Raish,* 116 Iowa 331, 334, 90 N. W. 66; *Ammon* v. *Ammon,* 119 Kan. 164, 168, 237 Pac. 926; *Jones* v. *Loveless,* 99 Ind. 317, 325. If this were not so it would lie in the power of any person at any time, by making conveyances of property, to circumvent the statute. The intent of the transferor, whether to convey a present interest or to make a disposition of his property to take effect only at his death, is the controlling element in determining the validity of a transfer. *Steinke* v. *Sztanka,* 364 Ill. 334, 339, 4 N. E. (2d) 472; *Knoll* v. *Hart,* 308 Pa. St. 223, 227, 162 Atl. 228; *In re Murphy's Estate,* 193 Wash. 400, 75 Pac. (2d) 916, 921. See notes, 11 A. L. R. 23, 76 A. L. R. 637. That a transfer of property was executed and delivered with intent to make a testamentary disposition of it, may be shown by parol evidence; this would not be to vary the terms of the instrument but to establish the underlying illegality of the transaction. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 Atl. 851; *O'Hara* v. *Hartford Oil Heating Co.,* 106 Conn. 468, 473, 138 Atl. 438;

*Houghton* v. *Burden,* 228 U. S. 161, 169, 33 Sup. Ct. 491; *Richeson* v. *Wood,* 158 Va. 269, 280, 161 S. E. 339; 20 Am. Jur. 957, § 1098. Such transfers being void, relief against them is in no way dependent upon the law imposing upon the property a constructive trust. See *Haussman* v. *Burnham,* 59 Conn. 117, 138, 22 Atl. 1065.

With reference to the conveyances of the real estate and the assignments of the mortgages, the trial court could reasonably find that they were not made by the decedent with an intent to transfer present interests, but were to become operative to create interests only at her death. Its conclusion that they were intended as testamentary dispositions of the property and therefore void must stand. At death the intestate real property of a decedent vests at once in his heirs; an administrator does not have title to it, although it is subject to being brought within the scope of administration of the estate so far as necessary to the proper exercise of that administration. *Perkins* v. *August,* 109 Conn. 452, 456, 146 Atl. 831; *Candee* v. *Candee,* 87 Conn. 85, 87, 86 Atl. 758. The statute gives the administrator the right to the possession, care and control of the real estate of the decedent during the settlement of the estate; General Statutes, § 4956; but it is not necessary in this action to determine whether, in the absence of any finding that the property or its income would be needed in the proper administration of the estate, the administrator was entitled to relief against the defendants, for all the decedent's children except Lucia have been made parties plaintiff and they are heirs. However, the proper decree should have been, not that the property be conveyed to the administrator, but that the conveyances be canceled and set aside so as to leave the title in the name of the decedent. In the law of estates, mortgages are treated

as personal property. *Pettus* v. *Gault,* 81 Conn. 415, 421, 71 Atl. 509; *Weed* v. *Hoge,* 85 Conn. 490, 494, 83 Atl. 636. The administrator was entitled to the debts represented by them and to relief against the void assignments; but here again, a decree for the cancelation of the assignments would serve every purpose. While the court makes no finding as to the particular circumstances of the transfer of the bank deposit by the decedent to Lucia or the indorsement of the notes to her, in the absence of any correction or amplification of the finding we cannot hold that the court was in error in finding that these transfers were also attempted testamentary dispositions of the decedent's property, and also void. The plaintiff administrator was entitled to recover them. *Mills* v. *Britton,* 64 Conn. 4, 25, 29 Atl. 231; *Chamberlin's Appeal,* 70 Conn. 363, 376, 39 Atl. 734.

With reference to the transfer of the deposits from the name of the decedent to an account payable to her and her husband and the survivor, a different situation is presented. These were made before she executed the will which was destroyed. The court has found that this was done to enable the husband to withdraw what might be needed for the decedent during her illness and to return the balance to her if she recovered or divide it equally with the children, if she should die. Upon these transfers, present interests at once came into being. The decedent's husband and children acquired vested interests, though they might be defeated should she recover or the whole sum be withdrawn for her benefit during the illness from which she was suffering. *Allen* v. *Almy,* 87 Conn. 517, 523, 89 Atl. 205; *Daskam* v. *Lockwood,* 103 Conn. 55, 64, 130 Atl. 92. They were transfers presently effective; they were not attempted testamentary dispositions, but were provisions made in lieu of the execu-

tion of a will. The conclusion of the trial court that they were attempted testamentary dispositions cannot be sustained. *Kelley* v. *Snow,* 185 Mass. 288, 297, 70 N. E. 89; *Linn* v. *Campbell,* 289 Ill. 347, 351, 124 N. E. 622; *Smith* v. *Wold,* 125 Minn. 190, 193, 145 N. E. 1067; *Nichols* v. *Emery,* supra, 330. The administrator has no right to this fund and an assertion of the rights of the husband and children in it is not within the proper scope of the present action. The judgment should not have directed the return of this fund to the plaintiff administrator.

There is error in part; the judgment is set aside and the case remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.