ELIZABETH G. COSTELLO, ADMINISTRATRIX (ESTATE OF JAMES R. COSTELLO) v. JOHN J. COSTELLO ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS AND SHEA, JS.

Argued March 7—decided May 2, 1950.

*Michael J. Quinn,* for the appellant (named defendant).

*Harold C. Donegan,* with whom was *Raymond J. Doyle,* for the appellee (plaintiff).

BROWN, C. J.   In this action the plaintiff, as administratrix of her deceased husband's estate, sought a decree setting aside a deed of real estate executed by him purporting to convey an undivided two-thirds interest therein to their son and the remaining undivided one-third to his brother.   The jury in answer to an interrogatory rendered a special verdict that the deceased by this deed intended to make a testamentary disposition of the property described in the deed.   The defendant John J. Costello, the brother of the deceased and hereinafter called the defendant, moved to set the verdict aside as "contrary to the evidence and the law."   The court denied the motion and rendered judgment

for the plaintiff decreeing the deed null and void, cancelling it and setting it aside as an attempt to make a testamentary disposition of the property. The defendant has appealed from the denial of his motion. The sole question is whether the court erred in ruling that the evidence was sufficient to support the verdict.

On February 9, 1918, Elizabeth G. Costello was married to James R. Costello, who died on August 19, 1946, without leaving a will. On September 4, 1946, she was duly appointed and qualified as the administratrix of his estate. The defendant James R. Costello, Jr., is their son and the only issue of the marriage. The defendant John J. Costello is the brother of the intestate. On April 1, 1941, James R. Costello signed a quitclaim deed purporting, "for the consideration of love and affection received to my full satisfaction," to convey to his son an undivided two-thirds interest and to his brother John an undivided one-third interest in the property known as 1002 and 1012 State Street and 4 Mechanic Street in New Haven. On September 4, 1946, this deed was recorded. From the date James signed the deed until his death he continued in possession of the property. These facts are admitted by the answers of both defendants. The answer of the defendant James, Jr., also admits the remaining allegation of the complaint, that the deed constituted an attempt to make a testamentary devise of the real estate other than by will and was void and illegal and of no force and effect. The allegation is denied by the answer of the defendant John.

The following facts are undisputed upon the evidence. The deed was prepared by and executed in the office of Attorney O'Brien, who had acted as attorney for James for many years and so continued to act to the time of James's death on August 19, 1946. Shortly after James's death the attorney took the deed from

a folder containing other papers relating to the affairs of the intestate which was kept in a filing cabinet in his office and showed it to James, Jr.; after the attorney had communicated with the defendant John, it was recorded. The deed at that time had been reinforced by four pieces of scotch tape where the paper had apparently started to break along the three lines where it had been creased in folding. In 1941, subsequent to the execution of the deed, and in 1942 and 1943, the intestate in making return of his taxable property upon a form which provided for the signature of either the owner or agent signed as and swore that he was the owner of the real estate in question. On April 24, 1941, the intestate executed a fifteen-year lease of a portion of the premises which expressly reserved in him as lessor the right to sell the property during the term. This instrument was prepared by and executed before Attorney O'Brien. The claims of the parties were in sharp conflict as to the intestate's intent in executing the deed and as to who had possession and control of it after execution.

Section 6951 of the General Statutes, which provides that "no will or codicil shall be valid to pass any estate" unless it is made and executed in accordance with certain requirements therein detailed, is prohibitive and exhaustive with relation to one's power "to dispose of his property after death by will, that is, by bequest or devise." *Hatheway* v. *Smith,* 79 Conn. 506, 512, 65 A. 1058. Nevertheless, "One may transfer property in such a way that interests in it will arise only at his death, and he may transfer it in contemplation of his death, in lieu of making a will; but to be valid such transfers must convey a present interest. . . . One may not make a valid transfer of property where the intent is not to convey a present interest, but solely to create interests which will arise at death, except in

compliance with the requirements of the Statute of Wills; and any such attempted transfer is void. . . . If this were not so it would lie in the power of any person at any time, by making conveyances of property, to circumvent the statute. The intent of the transferor, whether to convey a present interest or to make a disposition of his property to take effect only at his death, is the controlling element in determining the validity of a transfer. . . . That a transfer of property was executed and delivered with intent to make a testamentary disposition of it, may be shown by parol evidence; this would not be to vary the terms of the instrument but to establish the underlying illegality of the transaction." *Bowen* v. *Morgillo,* 127 Conn. 161, 167, 14 A. 2d 724.

By reason of these principles, the defendant could prevail in this case only upon the basis of a conditional delivery. This "is and can only be made by placing the deed in the hands of a third person to be kept by him until the happening of the event upon the happening of which the deed is to be delivered over by the third person to the grantee." *Porter* v. *Woodhouse,* 59 Conn. 568, 574, 22 A. 299; *Sweeney* v. *Sweeney,* 126 Conn. 391, 395, 11 A. 2d 806. "But it is an essential characteristic and an indispensable feature of every delivery, whether absolute or conditional, that there must be a parting with the possession of the deed and with all power and control over it by the grantor for the benefit of the grantee *at the time of delivery.* . . . To constitute a delivery the grantor must part with the legal possession of the deed and of all right to retain it. The present and future dominion over the deed must pass from the grantor. And all this must happen in the grantor's lifetime." *Porter* v. *Woodhouse,* supra. "The delivery of a deed includes not only an act by which the grantor parts with the

possession of it, but also a concurring intent on the part of the grantor that it shall vest the title in the grantee." Id., 575. What the intestate's intent was, and whether or not he had possession or control of the deed upon or after its delivery to Attorney O'Brien on April 1, 1941, presented questions of fact for the determination of the jury. *Grilley* v. *Atkins*, 78 Conn. 380, 386, 62 A. 337. Whether there was evidence which warranted them in concluding that one or more of the essentials of a conditional delivery was lacking is the question determinative of the defendant's appeal.

The answer depends in large measure upon the appraisal by the jury of the testimony of the defendant's witness, Attorney O'Brien, who stated among other pertinent facts that the intestate handed the deed to him after executing it and instructed him to keep it and to deliver it to the grantees upon the intestate's death, and that he had never relinquished possession of it to the intestate. It is unnecessary to refer to the evidence in detail. Suffice it to say that the jury could properly have found upon all of the evidence that the intestate, in leaving the deed with his attorney upon its execution, did not intend to convey a present interest to the grantees but instead intended to have the deed become operative upon his death, and then only if he had not meantime made or provided for other disposition of the property; that the deed did not remain in the attorney's possession during all of the time until the intestate's death; that the intestate continued to have power and control over it during this entire interval; and that he at no time made delivery of it with intent to vest title in the grantees. We mention but one bit of testimony which affords strong corroboration for our conclusion. The defendant James, Jr., who was a witness for the plaintiff, testified: "My father told me he had left a deed with a lawyer . . . and . . . it is just

as good as a will and has the same effect . . . it has all the effect of a deed and it avoids all the fees encountered in probate court." Whether this indicated an intent by the intestate that no interest should vest under the deed until his death was for the jury to determine in the light of all of the circumstances and under the court's unchallenged instructions, which must be deemed to have been correct.

There is no error.

In this opinion the other judges concurred.