JOHN J. COSTELLO *v.* ELIZABETH G. COSTELLO, ADMINISTRATRIX (ESTATE OF JAMES R. COSTELLO)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and QUINLAN, Js.

Submitted on briefs April 7—decided April 29, 1953

*Michael J. Quinn* and *Francis B. Tierney,* on the brief for the appellant (plaintiff).

*Harold C. Donegan,* on the brief for the appellee (defendant).

JENNINGS, J. This was a petition for a new trial of the case of *Elizabeth G. Costello, Administratrix* (*Estate of James R. Costello*) v. *John J. Costello and James R. Costello, Jr.,* 136 Conn. 611, 73 A.2d 333, on the ground of newly discovered evidence. In the original case, Elizabeth G. Costello succeeded in having a deed from her husband, James R. Costello, to his son, James, Jr., and to his brother, John, set aside as an attempted testamentary disposition of his property.

An issue for the jury's determination at the original trial was whether the deed had remained in the possession of the decedent's attorney during the five years between its execution and the decedent's death, or whether the decedent continued to exercise power and control over it during the entire interval. In this connection evidence was offered that at the time when the attorney delivered the deed to James R. Costello, Jr., just before it was recorded, it was worn and held together with scotch tape on the front and three heavy opaque strips on the back. This indicated, it was argued, that the deed had long been carried in the decedent's pocket. In the present action the plaintiff offered as newly discovered evidence the fact that the photostat taken in December, 1946, in recording the deed showed that the three strips were not on it at that time. Upon this the plaintiff predicated his claim that James R. Costello, Jr., to whom the deed was sent after recording, and the defendant administratrix had fraudulently conspired to alter the appearance of the deed by thereafter adding the three strips on the back to bear out their contention that the decedent had kept the deed in his pocket and so retained control, thus showing his intent to have the deed only become operative upon his death. There is no finding that the opaque strips were affixed by James R. Costello, Jr.

The petition for a new trial was tried on the merits and the defendant had judgment. The plaintiff has appealed. His attacks on the finding must fail. Such matters in the draft finding as were admitted or undisputed would not affect the result. The single paragraph attacked as found without evidence has support therein.

The finding may be summarized as follows: The jury in the original case answered the following

interrogatory in the affirmative: "Did James R. Costello, the deceased, intend, by [the deed], to make a testamentary disposition of the property he owned on State Street?" The trial turned on the circumstances surrounding the execution and delivery of the deed. The special verdict required a judgment for the plaintiff. The deed was delivered to Attorney O'Brien on April 1, 1941, and was in his possession to September 4, 1946, when it was recorded by James R. Costello, Jr. The decedent died intestate on August 19, 1946, and his estate has been settled. The deed was recorded by photostat and was mailed to James R. Costello, Jr. It remained in his possession and that of his mother, Elizabeth G. Costello, until it was delivered to Attorney Donegan, acting for the latter, prior to June 26, 1947, the date of the writ in the former action. James R. Costello, Jr., testified positively in the original action that the deed had scotch tape on it and other tape on the back of it. In the case at bar he testified that, to the best of his recollection, the deed had three strips of tape on the back when he took it to be recorded and when it was returned to him after it was recorded. As a matter of fact, the three heavy strips of tape in question were not affixed on the back of the deed by Attorney O'Brien and were not on the deed when it was photostated incident to recording. Joseph McGovern, a clerk in the town clerk's office, was in charge of the repairing of deeds in 1946. He had the opportunity of affixing the tape after the recording and before it was mailed to James R. Costello, Jr.

The judgment in the case at bar was rendered February 19, 1952. The plaintiff's draft finding was filed April 30. The finding was filed July 18. On August 6 the plaintiff filed a request for an additional finding accompanied by an "Additional Draft

Finding" in fifty-eight paragraphs, which was denied the same day. No reason was given for the late filing of this elaborate document, nor does any appear. Practically all of its allegations are taken from the printed record in the original case and the rest are immaterial. The trial court did not abuse its discretion in refusing to make the additional finding.

The trial court came to the following conclusions: The discovery of the photostat was not newly discovered evidence; no injustice was done the plaintiff; no fraud was perpetrated on the court; it was not likely that on a new trial the result would be different; James R. Costello, Jr., did not commit perjury.

On this finding, the testimony of James R. Costello, Jr., on both trials that the three strips of heavy tape were on the deed before it was recorded was at least mistaken. This was proved by the fact that the strips did not appear on the photostat of the deed. In spite of the earnest argument of the plaintiff, the following paraphrase of the defendant's brief is a substantially accurate appraisal of the situation: A change in appearance between the death of decedent and time of trial in the tape arrangement on the back of the deed was not necessarily material to the question whether the deed was an invalid attempt to make a testamentary disposition. The most that can be made of the evidence introduced through the photostat is that it is an attack on the credibility of the witness James R. Costello, Jr., on a subordinate matter. The photostat was not such newly discovered evidence as would entitle the defendant to a new trial. The subordinate facts support the court's conclusion that the plaintiff had not exercised due diligence to unearth the evidence which he now claims to be newly discovered. "To entitle a party to a new trial for newly-discovered evidence, it is

indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied on could have been known with reasonable diligence, a new trial will not be granted." *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065; *Jobbes* v. *State,* 125 Conn. 286, 289, 5 A.2d 21.

It is the claim of the plaintiff that, even if the evidence was not newly discovered in the technical sense, the findings recited prove that James, Jr., was guilty of perjury and that the seriousness of this crime tainted the whole proceeding. A felonious intent is an essential element of that crime. General Statutes § 8481; *Arden* v. *State,* 11 Conn. 408, 412; note, 85 Am. Dec. 488; 2 Wharton, Criminal Law (12th Ed.) § 1511. Intent is a question of fact. *Carrano* v. *Shoor,* 118 Conn. 86, 97, 171 A. 17. The specific conclusion of the trial court that this element was lacking is conclusive against the plaintiff's claim.

The conclusion that the evidence was not newly discovered under the rules stated is sufficient to sustain the judgment. It is therefore unnecessary to consider other conclusions which would lead to the same result. See *McGrath* v. *Crane Co.,* 119 Conn. 170, 173, 175 A. 572.

It is to be noted that this petition for a new trial was fully tried on the merits, not on a demurrer to the petition, the more common method. The trial court has a wide discretion in passing on such petitions. *Smith* v. *State,* 139 Conn. 249, 251, 93 A.2d 296; *Jobbes* v. *State,* supra; *McGrath* v. *Crane Co.,* supra. The question before us is whether that discretion has been abused. *Smith* v. *State,* supra, 253. There is nothing in this record or in that of the original case, to which we have been referred by counsel for both parties, which requires that we hold as a matter of law that it was.

There is no error.

In this opinion the other judges concurred.