# State of Connecticut *v.* Joseph W. Davis

### Appellate Division of the Circuit Court

#### File No. CR 6-7708

Argued February 8—decided May 14, 1963

*Frank S. Meadow,* of New Haven, for the appellant (defendant).

*Harry Koletsky,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was charged in two counts: (1) with the violation of § 53-360, in obtaining money by false pretenses; and (2) with holding himself out to the public as, or assuming to be, an attorney at law contrary to the provisions of § 51-88. Upon trial to the court he was found guilty on both counts. Upon arraignment one week before the trial he was advised by the court as to his right to counsel but chose to conduct his own defense. On March 30, 1962, he was convicted and sentence was imposed. On April 13, the defendant, through counsel, filed a motion in arrest of judgment which was denied on May 17. On April 13, the defendant also filed his notice of intention to appeal from the judgment. On May 25, he filed a motion for a new trial on the ground of newly discovered evidence. There is no entry in the record as to the action taken on this motion, although it appears to be conceded that the motion was denied. In his assignment of errors, the defendant claims that the court erred in finding the subordinate facts contained in certain paragraphs because "there was not sufficient competent evidence to support or warrant said facts"; in reaching the conclusions it did, because they were not supported by the facts or the evidence; and in denying the motion for a new trial. There was adequate evidence to support the challenged findings, and the defendant gains nothing by the first assignment of error.

Briefly summarized, the facts are as follows: In May, 1961, the defendant met Mrs. Payne, the complaining witness, who lived with her husband and two children in an apartment in a six-family building in which the defendant and his wife were tenants on the floor below the Paynes. Mrs. Payne was

having marital difficulties with her husband and discussed them with the defendant, who represented to her that he was a lawyer and would get her a divorce for $350. Mrs. Payne, relying on his representations, paid him $275 in cash, which was all the money she had. She did not get a receipt because the defendant did not have a receipt book with him; he promised to give a receipt to her later. On June 19, and a number of times thereafter, the defendant accompanied Mrs. Payne to the office of the family relations officer of the court; and from then until March, 1962, the domestic situation was handled by that office. Some time after June 19, Mrs. Payne learned that the defendant was not a lawyer and demanded the return of her money. The money was not returned. The defendant testified in his own behalf, denied the material facts, and admitted that he was not a lawyer.

On the foregoing facts the court could reasonably have found the defendant guilty as charged. The defendant has made no general claim of error in the ultimate conclusion that he was guilty beyond a reasonable doubt. We have, however, examined such transcript as has been filed, and we determine that there was evidence which, if credited, was sufficient to support the conviction on each count. "This court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." *Claffey* v. *Bergin*, 121 Conn. 695, 696; *Wiegert* v. *Pequabuck Golf Club, Inc.*, 150 Conn. 387, 391. "The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the . . . [trier]. We cannot retry the case." *Desmarais* v. *Pinto*, 147 Conn. 109, 110; *Ramadei* v. *Saccavino*, 150 Conn. 700. The judgment was not erroneous.

On May 25, the defendant moved for a new trial on the ground of newly discovered evidence, alleging that a witness for the state, Milton Payne, had given false testimony which was not ascertained to be false until after judgment had been entered. To this motion was attached an affidavit of Payne containing a recantation of his testimony on the trial of the defendant. The motion was presented solely on the affidavit and was denied.

The procedural distinctions between a motion for a new trial pursuant to Practice Book, 1951, § 233, and a petition for a new trial under § 52-270 are clearly set out in *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 576. A motion under the rule must be filed within six days after rendition of judgment; a petition under the statute is a new proceeding, ancillary to the original trial, and may be initiated by a citation within three years after the rendition of the judgment complained of. § 52-582. The motion is interlocutory, and appeal lies only from the judgment to which the motion is addressed, with error assignable on the court's action on the motion; the petition terminates in a final judgment which is appealable. *Hoberman* v. *Lake of Isles, Inc.,* supra; see *Dudley* v. *Hull,* 105 Conn. 710, 714; *Gannon* v. *State,* 75 Conn. 576, 577. The motion in this case was not filed within the time limitation imposed by Practice Book, 1951, § 233. No objection having been raised, this formal defect is deemed waived.

The rules governing the granting of a new trial, whether by motion or petition, on the ground of newly discovered evidence are the same in criminal and civil cases. *Hamlin* v. *State,* 48 Conn. 92, 94. Substantially the same principles control the determination of applications for a new trial and motions in arrest of judgment. *State* v. *Brockhaus,* 72 Conn.

109, 111. The basic question which the trial court has to decide is whether upon all the evidence an injustice has been done. In deciding this question, the court exercises a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused. *Turner* v. *Scanlon,* 146 Conn. 149, 163; *Smith* v. *State,* 141 Conn. 202, 207; *Pradlik* v. *State,* 131 Conn. 682, 686; *State* v. *Goldberger,* 118 Conn. 444, 457; see *Smith* v. *State,* 139 Conn. 249, 251; *Jobbes* v. *State,* 125 Conn. 286, 289; *Moeller* v. *Johnston,* 91 Conn. 23, 25.

It has been uniformly held that "to entitle a party to another trial on the ground of newly-discovered evidence, it must be made to appear that the evidence relied on for such purpose was in fact newly-discovered; that it would be material to the issue on another trial; that it could not have been discovered and produced on the former trial by the exercise of due diligence; that it must not be cumulative; and that it must be sufficient to produce a different result on another trial, should the cause be determined solely upon the law and the evidence." *Hamlin* v. *State,* 48 Conn. 92, 93; *Smith* v. *State,* 141 Conn. 202, 214 (dis.). The new evidence must be such that it is offered not merely to impeach or discredit a witness. *Comcowich* v. *Zaparyniuk,* 131 Conn. 40, 41; *Shields* v. *State,* 45 Conn. 266, 267; *Parsons* v. *Platt,* 37 Conn. 563, 565. "The rule that newly discovered evidence which goes merely to impeach a former witness is not ground for a new trial is a rule of policy intended to secure care and vigilance and prevent parties from coming forward subsequently with evidence which close investigation would have disclosed at the time of the trial." 39 Am. Jur. 174, New Trial, § 167; see 66 C.J.S., New Trial, § 114.

"Recantation by witnesses for the state does not necessarily entitle the defendant to a new trial;

otherwise the power to grant a new trial would rest not with the court, but with the witnesses who testified against the defendant on the trial." Note, 33 A.L.R. 550, 552. "A conviction, generally, is not to be overturned by the ex parte affidavit of a witness that he committed perjury or did not testify fully in the trial of the case." Note, 158 A.L.R. 1062, 1064. Except in cases where the perjured, false or mistaken testimony relates to a material issue and probably influenced the verdict or judgment, so that without it the verdict or judgment cannot be sustained, it is the general rule that a new trial will not be granted on a showing of such testimony. 39 Am. Jur. 175, New Trial, § 169.

The defendant on his motion was required to prove (1) that the Payne testimony in the trial was false, (2) that without it the court might have reached a different conclusion, or (3) that the element of surprise, under the circumstances, entitled him to a new trial. *Smith* v. *State,* 139 Conn. 249, 251.

The judge who heard the motion presided at the trial of the case. He had the benefit of hearing the witnesses, including Payne, in the course of the trial, and of comparing their testimony, its character, weight and credibility, with the representations made in the affidavit of Payne in support of the motion. The court could reasonably conclude that, whether Payne's earlier testimony was false or the affidavit was untrue, the conclusion the court would have reached on a new trial would not have been different. The burden of proving the probability of a different result is upon the defendant. *Taborsky* v. *State,* 142 Conn. 619, 623. Payne did not testify as a witness to the commission of any of the criminal acts charged but, at most, to an admission of guilt by the defendant. The impeaching

evidence must demonstrate not only perjury of the witness but also that but for such evidence conviction could not have been had. *State* v. *Greeno,* 135 Mont. 580, 588.

In addition to the testimony relevant to the case, the court had before it evidence from which it could infer a condition of marital discord and emotional instability which would render Payne prone to suggestibility and his intentions and motives in connection with the ex parte affidavit highly unreliable and suspect. "The courts examine the recanting affidavits of witnesses who seek to convince them of their former perjury with the utmost care." *People* v. *Andrews,* 360 Mich. 572, 577. Reading the testimony of Payne given during the trial, we cannot fail to observe its obvious vagueness and insecurity in the simplest details; and we cannot say, as a matter of law, that this testimony even if it was false, was, viewed in the perspective of the whole case, such as would have affected the court's findings as to guilt. See *Costello* v. *Costello,* 139 Conn. 690, 695; *Smith* v. *State,* 139 Conn. 249, 251, 253; *Zullo* v. *Zullo,* 138 Conn. 712, 715; *Pradlik* v. *State,* 131 Conn. 682, 685, 686.

The defendant also contends that he was taken by surprise by the false testimony of Payne and could not in the exercise of due diligence prepare against it. What we have already said makes it unnecessary to rule on this ground of error specifically. Surprise is always an element in cases in which a new trial is sought because of recanted or false testimony. That is a factor to be considered only as it has a bearing on the exercise of due diligence; and, as already stated, the ultimate question before us is whether the trial court in denying the motion abused its discretion. We hold it did not and that the denial of the motion was not in error.

We need not consider the claim that the court should have appointed a public defender for the defendant. There is no foundation for such a claim. It was not raised at any time in the trial court and was not assigned as error. The defendant was warned as to his right to counsel one week in advance of trial. His decision to represent himself was his own. For all that appears, he may have had the means to engage counsel but preferred not to do so. The prosecution was for misdemeanors only. He was not entitled to counsel at the state's expense as a matter of right. See *State* v. *Reid,* 146 Conn. 227, 233; *United States ex rel. Farnsworth* v. *Murphy,* 254 F.2d 438, 443 (2d Cir. 1958); *State* v. *Healey,* 24 Conn. Sup. 15, 17; *State* v. *Florence,* 23 Conn. Sup. 176, 178.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.