[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is plaintiff's motion to strike (#111) fourth special defense.
The plaintiff filed a three count complaint dated February 26, 1997 against the defendant, Edward J. Duffy, Jr, administrator of the estate of Mary Geary. This complaint sounded in breach of contract, unjust enrichment, and a claim to recover the reasonable value of the services the plaintiff provided to the deceased, Mary Geary.
In the plaintiff's complaint she alleges that in or about July of 1972 she entered into an oral contract with the decedent, Mary Geary, to provide care and services in return for Mary Geary's agreement to devise or otherwise transfer her estate to the plaintiff. The plaintiff alleges in her complaint that she CT Page 5910 performed these services for twenty-three years. The plaintiff further argues that Mary Geary died intestate and that the plaintiff presented her claim for Mary Geary's estate to the probate court. The complaint alleges that the defendant disallowed the plaintiff's claim on January 3, 1997.
On December 22, 1997, the defendant filed an answer and four special defenses. On January 14, 1998, the defendant filed a revised fourth special defense.
On January 26, 1998, the plaintiff filed a motion to strike and accompanying memorandum of law, which was supplemented by an additional memorandum of law dated March 12, 1998. This motion to strike was directed at the defendant's fourth special defense on the following grounds: (1) That insufficient facts were alleged in this special defense; (2) That this special defense is not consistent with the plaintiff's allegations; and (3) That this special defense is inconsistent with Connecticut law.[1] The defendant filed a memorandum in opposition dated February 25, 1998.
"The motion [to strike] is the proper vehicle to challenge or attack the sufficiency of a special defense. Mingachos v. CBS.Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985)." Benoit v.Connecticut Trails Council of Girl Scouts. Inc., Superior Court, judicial district of Waterbury, Docket No. 83152 (November 22, 1989, Kulawiz, J.) (1 Conn. L. Rptr. 47, 48). "`The allegations of the special defenses attacked by a [motion to strike] must be tested by the facts provable under them.' Connecticut StudentLoan Foundation v. Vellano, 1 CSCR 346 (May 22, 1986, Schaller, J.) quoting McNish v. American Brass Co., 139 Conn. 44, 48-49
[89 A.2d 566] (1952). The allegations of the special defenses must be construed most favorably to the party asserting the defense." (Internal quotation marks omitted.) First National Bank of Bostonv. Murphy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 094820 (March 13, 1990, Landau, J.) (1 Conn. L. Rptr. 357, 358). "In ruling on the [plaintiff's] motion to strike, the trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff argues that the defendant's fourth special defense should be stricken because "[t]he fourth special defense does not plead facts. . . . Special defenses that are not CT Page 5911 consistent with the complaint's allegations are not proper defenses . . . [and] Connecticut has long held that oral agreements to pay for services by will are valid and may be enforced against the estate of an intestate promisor." (Citations omitted.) Reply Memorandum In Support Of Motion To Strike, p. 2-4.
The defendant responds in his memorandum of law in [opposition to] the plaintiff's motion to strike, dated February 25, 1998, that "facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Defendant's Memorandum Of Law, p. 2-3.
The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164. Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992). In the context of a motion to strike a special defense, the court is limited to considering the facts alleged in the special defense. Connecticut National Bank v. Douglass,221 Conn. 530, 536, 606 A.2d 684 (1992).
The fourth special defense states: "This is an action by an heir to an intestate estate seeking to receive all of the assets of the estate, an amount and percentage which greatly exceed her statutory intestate share of the estate as determined by Section45a-439[2] of the Connecticut General Statutes. As such, this action is barred by the fact that any award of an intestate share of an estate in opposition to Section 45a-439 would require a valid last will and testament. In that there is no valid last will and testament in the Estate of Mary Nardiello Geary, any transfer of all of the assets of the estate to the plaintiff would be a transfer in violation of Connecticut General Statute45a-251."[3] Revised Fourth Special Defense, p. 1-2. This is not the law of the State of Connecticut.
The defendant appears to argue that even if the plaintiff is able to prove a valid contract with the decedent, the contract is unenforceable because the decedent never made a will or transferred the property to Mrs. Azzara. See defendant's memorandum at 4-5.
Connecticut has long held that oral agreements to pay for services by will are valid and may be enforced against the estate of an intestate promisor. See, e.g., Ubysz v. DePietro,
CT Page 5912185 Conn. 47, 440 A.2d 830, (1981) (court enforced parents' promise to convey house to daughter if she and her family remained living there and maintained property); Hull v. Thomas, 82 Conn. 647,651-52, 74 A. 925 (1910) (court enforced decedent's promise to compensate the plaintiff by will for her services to the decedent). See also Strakosch v. Connecticut Trust Safe DepositCo., 96 Conn. 471, 432, 114 A. 660 (1921) (court enforced testator's promise to provide annuity of about $3,000 per year if plaintiff became adopted daughter). The plaintiff has found no cases, and the defendant has cited none in which the court has refused enforcement of a contract to compensate by will on the grounds stated in the fourth special defense.
The only cases the defendant did cite in support of its defense concerned purported gifts shortly before the decedents' deaths. See, e.g., Bowen v. Morgillo, 127 Conn. 161, 166,14 A.2d 724, 727 (1940); Dennen v. Searle, 149 Conn. 126, 139,176 A.2d 561, 568-69 (1961); Costello v. Costello, 136 Conn. 611, 614-15,73 A.2d 333, 334-35 (1950). See also, Dalia v. Lawrence,226 Conn. 51, 79, 627 A.2d 392, 407 (1993) (dissent). In each of these cases, the court examined transfers actually by decedents to determine whether the decedents intended to convey present interests in the property, or instead to make testamentary dispositions. A gift "causa mortis," in which the grantor intends to transfer an interest in property only after his or her death, is invalid in Connecticut. See, Bowen, supra, 127 Conn. at 167.
The defendant's gift cases are completely inapposite. Neither the plaintiff nor the defendant alleges that the decedent transferred her property before her death. There is no gift in this case for the court to examine to determine whether it was a valid inter vivos transfer, or a gift "causa mortis." Instead, the issues here is whether Mary Geary and Cheryl Azzara made a contract, whether the contract is enforceable under the statute of frauds, and what the proper damages are for breach of such a contract.
Because the fourth special defense is contrary to Connecticut law, and injects inapplicable issues into this case, it is legally insufficient and is stricken.
KULAWIZ, J.